[No. F004865. Fifth Dist. Jan. 9, 1986.]

VERNON E. JONES, Plaintiff and Respondent, v.
RODNEY N. BASICH et al., Defendants and Appellants.

COUNSEL

James M. Radnich for Defendants and Appellants.

Price & Welsh and Brett L. Price for Plaintiff and Respondent.

Lloyd W. Aubry, Jr., and H. Thomas Cadell, Jr., as Amici Curiae, upon the request of the Court of Appeal.

OPINION

**BEST, J.**—This case presents the novel question of whether a defendant-employer against whom a wage claim has been filed with the Labor Com-

missioner must appear and participate at the hearing before the Labor Commissioner in order to preserve his right to appeal to the courts.

## THE CASE

Defendants appeal the judgment of the superior court dismissing defendants' appeal from an order of the Labor Commissioner.

In December 1983, plaintiff commenced an action before the Labor Commissioner to collect amounts which he claimed he was owed by defendants in accordance with the provisions of Labor Code[1] section 98 et seq. Defendants answered the complaint.

On May 7, 1984, after proper notice to both plaintiff and defendants, a hearing was held in connection with plaintiff's complaint before the Labor Commissioner. Plaintiff appeared with counsel. Several witnesses appeared and testified, and documentary evidence was introduced in support of plaintiff's claim.

Defendants failed to appear or participate in any manner in the hearing before the Labor Commissioner.

Thereafter, on or about May 22, 1984, Barry L. Davis, hearing officer for the Labor Commissioner, issued the decision and award of the Labor Commissioner, concluding that plaintiff was entitled to payment for the full amount of wages or compensation and subsistence claimed and was entitled to certain additional wages pursuant to section 203. The total amount of the award was $34,287.50.

Defendants appealed the Labor Commissioner's decision to the superior court.

Plaintiff then filed a motion to dismiss the defendants' appeal on the grounds that defendants failed to exhaust their administrative remedies and failed to comply with the statutory prerequisites for the bringing of their appeal. The superior court granted plaintiff's motion, stating, ". . . Defendants have failed to exhaust their administrative remedies by failing to appear, participate and present any evidence, defense, authority or argument at the administrative hearing before the Labor Commissioner, . . ."

## DISCUSSION

Section 98 provides: "(a) The Labor Commissioner shall have the authority to investigate employee complaints. The Labor Commissioner may

---

[1]All statutory references are to the Labor Code unless otherwise indicated.

provide for a hearing in any action to recover wages, penalties, and other demands for compensation properly before the division or the Labor Commissioner including orders of the Industrial Welfare Commission, and shall determine all matters arising under his or her jurisdiction. It shall be within the jurisdiction of the Labor Commissioner to accept and determine claims from holders of payroll checks or payroll drafts returned unpaid because of insufficient funds, if, after a diligent search, the holder is unable to return the dishonored check or draft to the payee and recover the sums paid out. Within 30 days of filing of the complaint, the Labor Commissioner shall notify the parties as to whether a hearing will be held within a reasonable period of time, or whether action will be taken in accordance with Section 98.3, or whether no further action will be taken on the complaint. However, the Labor Commissioner may postpone or grant additional time before setting a hearing if the Labor Commissioner finds that such would lead to an equitable and just resolution of the dispute.

"It is the intent of the Legislature that hearings held pursuant to this section be conducted in an informal setting preserving the right of the parties.

"(b) When a hearing is set, a copy of the complaint, which shall include the amount of compensation requested, together with a notice of time and place of the hearing, shall be served on all parties, personally or by certified mail.

"(c) Within 10 days after service of the notice and the complaint, a defendant may file an answer with the Labor Commissioner in such form as the Labor Commissioner may prescribe, setting forth the particulars in which the complaint is inaccurate or incomplete and the facts upon which the defendant intends to rely.

"(d) No pleading other than the complaint and answer of the defendant or defendants shall be required. Both shall be in writing and shall conform to the form and the rules of practice and procedure adopted by the Labor Commissioner.

"(e) Evidence on matters not pleaded in the answer shall be allowed only on such terms and conditions as the Labor Commissioner shall impose. In all such cases, the claimant shall be entitled to a continuance for purposes of review of such new evidence.

"(f) If the defendant fails to appear or answer within the time allowed under this chapter, no default shall be taken against him or her, but the Labor Commissioner shall hear the evidence offered and shall issue an or-

der, decision, or award in accordance with the evidence. A defendant failing to appear or answer, or subsequently contending to be aggrieved in any manner by want of notice of the pendency of the proceedings, may apply to the Labor Commissioner for relief in accordance with the provisions of Section 473 of the Code of Civil Procedure. The Labor Commissioner may afford such relief. No right to relief, including the claim that the findings or award of the Labor Commissioner or judgment entered thereon are void upon their face, shall accrue to such defendant in any court unless prior application is made to the Labor Commissioner in accordance with this chapter.

"(g) All hearings conducted pursuant to this chapter are governed by the division and by the rules of practice and procedure adopted by the Labor Commissioner."

Subdivision (a) provides that within 30 days of filing of the complaint notice shall be given to the parties as to whether a hearing will be held.

Subdivision (b) provides that when a hearing is set a copy of the complaint, together with notice of the time and place of the hearing, be served on the parties.

Subdivision (c) provides that within 10 days after service of the notice and the complaint a defendant *may* file an answer. Under subdivision (d), no pleading other than the complaint and answer shall be required.

It is thus clear, under the plain words of the statute, that a defendant may elect not to file an answer and appear at the hearing to contest the claim or, conversely, elect to file an answer contesting the claim and not appear at the hearing.

The language contained in the first sentence of subdivision (f) refers to the procedure which the Labor Commissioner shall undertake if a defendant has failed to either appear *or* answer. ■ The plain meaning and intent of this language is to require the Labor Commissioner to hear the evidence and issue a decision in accordance with the evidence and not enter a default judgment even though the defendant has failed to answer *or* appear. In this case, the Labor Commissioner followed this procedure by receiving evidence proffered by the plaintiff and issuing its decision and award against defendants.

Subdivision (f) provides a further administrative procedure by which a defendant who has failed to either appear *or* answer may apply to the Labor Commissioner for relief in accordance with the provisions of Code of Civil

Procedure section 473, and further authorizes the Labor Commissioner to afford such relief. The last sentence of subdivision (f) clearly states that no right to "relief" shall accrue to "such defendant" in any court unless prior application is made to the Labor Commissioner in accordance with this chapter. The words "such defendant" clearly refer to a defendant who has either not answered *or* not appeared at the hearing, or who has neither answered nor appeared. The word "relief" clearly refers to relief from such failure to either answer *or* appear. Code of Civil Procedure section 473 grants a court the power to relieve a party from a judgment, order, or other proceeding taken against such party through his or her mistake, inadvertence, surprise or excusable neglect. Said section also gives the court the power to set aside any void judgment or order. ■ Subdivision (f) of section 98 simply gives the Labor Commissioner the power to grant relief to a nonanswering or nonappearing defendant where the failure to appear or answer was due to said defendant's mistake, inadvertence, surprise, or excusable neglect, and precludes the defendant from applying to a court for relief on those grounds without first applying to the Labor Commissioner.

■ Contrary to plaintiff's contention, subdivision (f) of section 98 does not deal with the defendants' right of appeal. That is set forth in section 98.2, subdivision (a), as follows: "Within 10 days after service of notice of an order, decision or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the same shall be heard de novo. A copy of the appeal request shall be served upon the Labor Commissioner by the appellant."

Defendants in the present case timely filed their notice of appeal to the superior court in accordance with section 98.2, subdivision (a). They were not required to first apply to the Labor Commissioner for relief under subdivision (f) of section 98 to perfect their right of appeal and to a trial de novo in the superior court.

Plaintiff strongly argues that permitting defendants to pursue their appeal and have a trial de novo would render meaningless the entire administrative procedure established by the Legislature for the resolution of wage claim disputes.

"Permitting Appellants to pursue their appeal would render meaningless the entire administrative procedure established by the Legislature for the resolution of wage claim disputes. If employers are allowed to ignore the administrative process by failing to appear and present their evidence and defenses at the administrative level, then they will have effectively circumvented an employee's right to an economic and expedient resolution of a

claim for wages or compensation. An employee who choses [*sic*] to exercise his/her rights would be faced with the burden and expense of an administrative hearing that would result in an award or decision of no consequence. The employer, as in this case, having the benefit of prior disclosure of the employee's case, would seek to present it's [*sic*] evidence and authorities for the first time on appeal before the courts."

However, had the Legislature intended that in order to pursue his right of appeal and obtain a trial de novo in the courts the employer must appear and participate in the hearing before the Labor Commissioner, presumably the Legislature would have so provided. (E.g., see Code Civ. Proc., § 117.8, subd. (c).)[2] Plaintiff's argument should be addressed to the Legislature and not to this court.

The order dismissing defendants' appeal is reversed.

Franson, Acting P. J., and Martin, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 26, 1986.

---

[2]Code of Civil Procedure section 117.8, subdivision (c), provides: "If the defendant did not appear at the hearing in the small claims court, as a prerequisite to appeal, the defendant shall have (1) filed, within 30 days after the clerk has mailed by first-class mail notice of entry of judgment, a motion in the small claims court to vacate the judgment, and (2) appeared at any hearing on the motion, or have submitted written justification for not appearing at such hearing and written evidence in support of the motion. In addition the court must have denied or failed to decide the motion within 60 days after it was filed."