[No. A037351. First Dist., Div. Five. Jan. 28, 1988.]

STANLEY T. ROGERS, Petitioner, v.
THE MUNICIPAL COURT FOR THE SONOMA COUNTY
JUDICIAL DISTRICT OF SONOMA COUNTY, Respondent;
SOLAR ELECTRIC ENGINEERING, INC., Real Party in Interest.

COUNSEL

Frank C. S. Pedersen for Petitioner.

No appearance for Respondent.

L. Stephen Turer for Real Party in Interest.

OPINION

LOW, P. J.—In this case, we are asked to decide whether a corporation, through its president who is not an attorney, may file a notice of appeal from an order, decision or award of the labor commissioner pursuant to Labor Code section 98.2. We conclude that the notice of appeal filed in this manner is valid.

The Labor Commissioner issued a decision awarding petitioner Stanley Rogers $1,925.90 for back wages against his employer Solar Electric Engineering, Inc., real party in interest (Solar). The award was served on Solar on November 4, 1985. Solar did not appear at the hearing on the wage claim, asserting that it did not receive notice of the hearing. The award provided in pertinent part: "If an appeal is filed by a corporation, present law requires that the corporation must be represented by an Attorney-at-Law, licensed to practice in the State of California, during all phases, including the filing of Notice of Appeal. A corporation's failure to be represented by an attorney may be cause for dismissal." Within 10 days, Solar filed a notice of appeal signed on behalf of the corporation by its president, Gary Starr, who is not an attorney. Counsel for the corporation did not

appear until the filing of the points and authorities in opposition to petitioner's motion to dismiss.

Petitioner, represented by the Labor Commissioner, filed a motion to dismiss the appeal on the ground that the notice of appeal was not signed by a licensed attorney. The municipal court denied the motion, and petitioner filed a petition for a writ of mandate with the superior court directing the municipal court to dismiss the appeal. An alternative writ of mandate was issued and a hearing was held. After hearing arguments, the superior court denied the petition. Relying on *City of Downey* v. *Johnson* (1968) 263 Cal.App.2d 775, 781 [69 Cal.Rptr. 830], the court drew a distinction between "the capacity of a corporation to sign and file a notice of appeal in propria persona and the capacity of a corporation to execute and file actual pleadings, papers, and briefs in a trial court and argue legal and factual matters in the [absence] of counsel." Although not discussed by the parties in their briefs, the appeal from the judgment denying the petition for writ of mandate directed to the municipal court is nonappealable. (Code Civ. Proc., § 904.1, subd. (a)(4).) The court made the parties aware of this at oral argument, but no party urged the appeal be dismissed. ▮ Under unusual circumstances, we may decide to treat an improper appeal as a petition for an extraordinary writ. (Code Civ. Proc., § 904.1, subd. (a)(4); 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 210, pp. 836-837.) This matter presents an issue of first impression. The issue has been thoroughly briefed and our determination is purely one of law. To dismiss the appeal rather than exercise our discretionary power to reach the merits would be " ' "unnecessarily dilatory and circuitous." ' [Citation.]" (See *Olson* v. *Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720].) We treat petitioner's appeal from the order denying the petition for a writ of mandate as a petition to this court for extraordinary relief and decide the merits of the claim.

One of the responsibilities of the Labor Commissioner is to investigate and prosecute employee wage claims. The commissioner may hold hearings to determine and collect wages on behalf of employees. The hearings are informal, but must preserve the rights of parties. (Lab. Code, § 98, subd. (a).) No pleadings other than a complaint and answer shall be required. (Lab. Code, § 98, subd. (a).) A defendant may elect not to file an answer but appear to contest the claim, or file an answer contesting the claim and not appear at the hearing, or the employer may neither appear nor participate and choose to appeal after the commissioner's decision. No default may be taken against the defendant; instead the commissioner must hear evidence and decide the matter in accordance with the evidence. (Lab. Code, § 98, subd. (f).)

■ An appeal may be taken by either party from the commissioner's decision. This appeal differs from a conventional appeal in that it calls for a hearing de novo. (Lab. Code, § 98.2, subd. (a).) The timely filing of the notice of appeal forestalls the finality of the commissioner's decision, terminates his or her jurisdiction and vests jurisdiction to conduct a trial de novo in the appropriate court. (*Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835-836 [187 Cal.Rptr. 449, 654 P.2d 219]; *Sales Dimensions* v. *Superior Court* (1979) 90 Cal.App.3d 757, 760 [153 Cal.Rptr. 690].) ■ The purpose of the commissioner's role is to provide for an expeditious resolution of wage disputes and for early collection of wages due. The right to appeal under Labor Code section 98.2 is distinct from other judicial proceedings in that there is no requirement that a defendant either participate in the commissioner's hearing or apply for administrative relief in order to appeal and obtain a trial de novo. (*Jones* v. *Basich* (1986) 176 Cal.App.3d 513, 517-518 [222 Cal.Rptr. 26].)

■ Petitioner contends that since the notice of appeal triggers a de novo review in the municipal court, it operates as an initial pleading, and, as such, it can only be signed by an attorney. In support of this contention, petitioner relies on *Pressler* v. *Donald L. Bren Co., supra,* 32 Cal.3d 831 and *Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897 [195 P.2d 867].

■ A corporation is an artificial legal entity; it cannot represent itself in court in propria persona but must appear through an agent who is a member of the bar. (See *Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724, 729-730 [147 Cal.Rptr. 631, 581 P.2d 636]; *Himmel* v. *City Council* (1959) 169 Cal.App.2d 97, 100 [336 P.2d 996].) Thus, an officer of a corporation who is not an attorney may not file an answer to a complaint for breach of contract (*Merco Constr. Engineers, Inc.* v. *Municipal Court, supra,* at pp. 729-730), a notice of appeal from a superior court judgment (*Paradise* v. *Nowlin, supra,* 86 Cal.App.2d at p. 898), nor a civil complaint in superior court (*Himmel* v. *City Council, supra,* at p. 100).

■ However, none of these cases deal with the issue presented here: whether a nonlawyer agent of a corporation can file a notice of appeal from an administrative ruling to secure a de novo hearing. Although the notice of appeal may, in a general sense, be thought of as an initial trial pleading, any similarity with a usual civil complaint ends there. The notice of appeal is a form document which contains only the names of the parties and the dates of the administrative action. Its sole purpose is to give notice to the losing party of the de novo hearing request. It requires no legal training or acumen to prepare and file this document. Importantly, the notice of appeal imparts no information to the opposing side which will affect the trial of the issues. The legal position of the responding party cannot be prejudiced by anything

contained in that document. Generally, that party is not required to make any kind of a response in order to protect its rights, nor is the notice of appeal subject to a demurrer or motion to strike. The corporate officer who signs the notice of appeal is not engaging in the practice of law. (Cf. *City of Downey* v. *Johnson, supra,* 263 Cal.App.2d at pp. 779-781; but see, *Merco Constr. Engineers, Inc.* v. *Municipal Court, supra,* 21 Cal.3d at pp. 729-730; *Paradise* v. *Nowlin, supra,* 86 Cal.App.2d at pp. 899-900.)

None of the harmful consequences of unlicensed law practice are evident here: the client corporation is not prejudiced by the lack of legal education or experience of the officer, as it would be if he were permitted to appear in court on the corporation's behalf. Also, no confusion arises because of unintelligible, untimely or inappropriate documents drawn by the layman; which is often a problem even when a natural person appears in propria persona. (See *Merco Constr. Engineers Inc.* v. *Municipal Court, supra,* 21 Cal.3d at p. 732.)

*City of Downey* v. *Johnson, supra,* 263 Cal.App.2d 775, presents an analogous situation. Johnson, the nonlawyer executor of an estate, filed an appeal from a condemnation judgment against the estate. In ruling that the appeal was valid, the court drew a distinction "between the capacity of a person acting in propria persona to sign and file a notice of appeal and his capacity to execute and file pleadings, papers, and briefs in both the trial and appellate courts." (*Id.,* at p. 781.) We believe this is a valid distinction in this situation.

Also, it would be anomalous for us to conclude that it is in the general interest of the corporation to have an attorney as its representative, but then apply that rule to penalize the corporation in this instance for filing the notice of appeal without an attorney. Since the notice of appeal was timely filed, we find that it is valid.

The petition for an extraordinary writ is denied.

King, J., and Haning, J., concurred.

Petitioner's application for review by the Supreme Court was denied April 20, 1988. Mosk. J., was of the opinion that the application should be granted.