[No. S081910. Aug. 3, 2000.]

JONATHAN VOS POST, Plaintiff and Respondent, v.
PALO/HAKLAR & ASSOCIATES et al., Defendants and Appellants.

## Counsel

Law Offices of Robert R. Ronne, Robert R. Ronne; and Dennis W. Rihn for Defendants and Appellants.

Lloyd C. Ownbey, Jr., for Plaintiff and Respondent.

Cynthia L. Rice for California Rural Legal Assistance and Jose Flores as Amici Curiae on behalf of Plaintiff and Respondent.

Michael T. Gaitley and David P. Pogrel for The Employment Law Center, A Project of the Legal Aid Society of San Francisco as Amicus Curiae on behalf of Plaintiff and Respondent.

Hina B. Shah for Asian Law Caucus as Amicus Curiae on behalf of Plaintiff and Respondent.

Marci Seville for Women's Employment Rights Clinic, Golden Gate University School of Law as Amicus Curiae on behalf of Plaintiff and Respondent.

Margaret Stevenson and Mary Novak for East San Jose Community Law Center as Amicus Curiae on behalf of Plaintiff and Respondent.

Virginia Villegas for La Raza Centro Legal, Inc., as Amicus Curiae on behalf of Plaintiff and Respondent.

## Opinion

**MOSK, J.**—After conducting an administrative hearing on a wage claim brought by respondent herein, Jonathan Vos Post (hereafter Post), the Labor Commissioner (hereafter commissioner) served the parties with a notice of dismissal, on the ground that "[a]n employer-employee relationship between

the parties was not conclusively established." Post appealed, and the superior court ruled that he was an employee and awarded him unpaid wages. We granted review to address the question whether such appeal was properly taken. For the reasons stated below, we conclude that the answer is *yes*.

I

In August 1995, Post filed a complaint before the commissioner, pursuant to Labor Code section 98, to recover unpaid wages and expenses from defendants Palo/Haklar & Associates and individuals Paul Palo and Peter Haklar (hereafter Palo/Haklar) for the period of August 1, 1994, through April 1, 1995. The commissioner set the matter for hearing, and the parties were duly served with notice thereof. After the hearing, which lasted 18 hours over a two-day period, the commissioner took the matter under submission.

In May 1997, the commissioner served the parties with a document entitled "Notice of Dismissal," stating as follows: "The above-entitled matter came before the Labor Commissioner of the State of California, pursuant to the provisions of Section 98 of the California Labor Code, and all parties were duly served with the Notice of Hearing. The complaint is dismissed for the following reasons: [¶] An employer-employee relationship between the parties was not conclusively established. The Labor Commissioner does not assert jurisdiction." Post filed a notice of appeal requesting that the cause be set for a hearing de novo in the superior court, in accordance with Labor Code section 98.2.

In August 1997, a hearing de novo was held in the superior court. Post presented evidence that he was employed by Palo/Haklar at a rate of $2,000 a month, plus travel and office expenses, to work on CD-ROM educational and entertainment projects. Paul Palo and Peter Haklar, appearing in propria persona, countered that Palo/Haklar had no employees and had never hired Post; instead, he had approached them with a proposal for obtaining financing and new clients with the possibility of eventual formation of a new business venture with him as a partner. The superior court found for Post, concluding that he had been employed by Palo/Haklar. It awarded him unpaid wages and travel and office expenses in the amount of $28,581.52. Palo/Haklar moved to strike costs and for relief from judgment and/or stay of enforcement; both motions were denied.

Palo/Haklar appealed on the ground, inter alia, that the commissioner's dismissal of the claim was not appealable pursuant to Labor Code section 98. The Court of Appeal requested additional briefing on the question whether

there was a right of appeal to the superior court from the commissioner's dismissal of Post's wage claim. It reversed the judgment of the superior court, concluding that the superior court had no jurisdiction to review the commissioner's jurisdictional determination. Post's remedy was not to appeal the commissioner's decision to the superior court, but to file an original civil lawsuit.

We granted review of the question whether the commissioner's decision was appealable; we now reverse the judgment of the Court of Appeal and remand the matter for further proceedings.

## II

As we explained in *Cuadra v. Millan* (1998) 17 Cal.4th 855, 859 [72 Cal.Rptr.2d 687, 952 P.2d 704], if an employer fails to pay wages in the amount, time, or manner required by contract or statute, the employee may seek administrative relief by filing a wage claim with the commissioner or, in the alternative, may seek judicial relief by filing an ordinary civil action for breach of contract and/or for the wages prescribed by statute.

Labor Code section 98 includes remedial procedures for adjudicating wage claims, enforced by the Division of Labor Standards Enforcement under the direction of the commissioner. It states that the commissioner "shall have the authority to investigate employee complaints." (Lab. Code, § 98, subd. (a).) The commissioner "may provide for a hearing in any action to recover wages, penalties, and other demands for compensation." (*Ibid.*)

The commissioner may investigate complaints; his or her powers include the right to make inspections, subpoena witnesses and documents, and conduct examinations of witnesses. (See Lab. Code, §§ 74, 92.) Within 30 days of the filing of a complaint, the commissioner must notify parties as to whether he or she will take further action. (*Id.*, § 98, subd. (a).) The statute provides for three alternatives: the commissioner may either accept the matter and conduct an administrative hearing (see *id.*, §§ 98-98.2), prosecute a civil action for the collection of wages and other money payable to employees arising out of an employment relationship (see *id.*, § 98.3), or take no further action on the complaint. (*Id.*, § 98, subd. (a).)

If the commissioner decides to accept the matter and conduct an administrative hearing—commonly known as a "Berman hearing" after the name of its sponsor, then Assemblyman Howard Berman—he or she must hold the hearing within 90 days, although he or she has discretion to "postpone or grant additional time before setting a hearing if the [commissioner] finds that

it would lead to an equitable and just resolution of the dispute." (Lab. Code, § 98, subd. (a).)

Labor Code section 98, subdivision (a), expressly declares the legislative intent that hearings be conducted "in an informal setting preserving the right of the parties." The Berman hearing procedure is designed to provide a speedy, informal, and affordable method of resolving wage claims. (*Cuadra v. Millan, supra,* 17 Cal.4th at p. 858.) As we explained in *Cuadra,* "the purpose of the Berman hearing procedure is to avoid recourse to costly and time-consuming judicial proceedings in all but the most complex of wage claims." (*Id.* at p. 869.)

The commissioner is required to determine all matters arising under his or her jurisdiction, including questions concerning the employment status of the claimant. (Lab. Code, § 98, subd. (a); see also *Resnik v. Anderson & Miles* (1980) 109 Cal.App.3d 569, 572 [167 Cal.Rptr. 340] ["Labor Code sections 96 and 98, subdivision (a), expressly allow the [commissioner] to take assignment of employee claims with the authority to resolve all matters within its jurisdiction."].) Indeed, as a predicate for awarding a claim for unpaid wages, the commissioner must necessarily determine that the claimant was an employee. (1 Wilcox, Cal. Employment Law (2000) § 1.04[1][a], p. 1-9 ["An employment relationship must exist in order for the California wage orders or the provisions of the Labor Code governing wages . . . to be applicable." (Fn. omitted.)].)

Within 15 days after the Berman hearing is concluded, the commissioner must file a copy of his or her order, decision, or award and serve notice thereof on the parties. (Lab. Code, § 98.1.) The order, decision, or award must include a summary of the hearing and the reasons for the decision, and must advise the parties of their right to appeal. (*Ibid.*)

Within 10 days after service of notice, the parties may seek review by filing an appeal to the municipal or superior court "in accordance with the appropriate rules of jurisdiction, where the appeal shall be heard de novo." (Labor Code, § 98.2, subd. (a).) The timely filing of a notice of appeal forestalls the commissioner's decision, terminates his or her jurisdiction, and vests jurisdiction to conduct a hearing de novo in the appropriate court. (*Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835 [187 Cal.Rptr. 449, 654 P.2d 219].) If no party takes an appeal, the commissioner's decision will be deemed a judgment, final immediately and enforceable as a judgment in a civil action. (Lab. Code, § 98.2, subd. (a); see generally 1 Wilcox, Cal. Employment Law, *supra,* §§ 5.10 to 5.19, pp. 5-18 to 5-52.)

Although denoted an "appeal," unlike a conventional appeal in a civil action, hearing under the Labor Code is de novo. (Lab. Code, § 98.2, subd.

(a).) " 'A hearing *de novo* [under Labor Code section 98.2] literally means a new hearing,' that is, a new trial." (*Pressler v. Donald L. Bren Co., supra,* 32 Cal.3d at p. 835.) The decision of the commissioner is "entitled to no weight whatsoever, and the proceedings are truly 'a trial anew in the fullest sense.' " (*Sales Dimensions v. Superior Court* (1979) 90 Cal.App.3d 757, 763 [153 Cal.Rptr. 690].) The decision of the trial court, after de novo hearing, is subject to a conventional appeal to an appropriate appellate court. (1 Wilcox, Cal. Employment Law, *supra,* § 5.18[2] [a], p. 5-46.) Review is of the facts presented to the trial court, which may include entirely new evidence. (See *Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal.App.4th 555, 561 [38 Cal.Rptr.2d 221]; 1 Wilcox, Cal. Employment Law, *supra,* § 5.18[3], p. 5-49.)

## III

■ Applying the foregoing to the question before us, we conclude that Post was entitled as of right to a hearing de novo on his wage claim.

The commissioner had 30 days to notify the parties of his determination whether a Berman hearing would be held on Post's claim, or whether he would take no further action on the complaint. (Lab. Code, § 98, subd. (a).) He elected to accept the claim and conduct a hearing. Thereafter, he was required by Labor Code section 98.1 to file a timely "order, decision, or award," including the reasons for his decision. Labor Code section 98.1 does not authorize the alternative of summarily dismissing a wage claim after the commissioner accepts the matter and conducts a Berman hearing.

The Court of Appeal determined that "[t]he statutory scheme does not provide for superior court de novo review of the Labor Commissioner's jurisdictional determination[s]," analogizing the superior court's ruling herein to a writ of mandate directing the commissioner to assert jurisdiction. It reasoned that such an order would constitute an abuse of discretion because the commissioner "has no duty to hear each and every employee complaint." It erred thereby.

It is true that the commissioner was under no duty to accept Post's claim in the first instance and that a decision by the commissioner not to conduct a Berman hearing would not have been subject to de novo review. Nor could mandamus have been applied to control the commissioner's discretion to accept the matter and conduct a Berman hearing—a matter lawfully entrusted to the commissioner under Labor Code section 98. (Cf. *Painting & Drywall Work Preservation Fund, Inc. v. Aubry* (1988) 206 Cal.App.3d 682, 687 [253 Cal.Rptr. 776].) Once the commissioner exercised his discretion to

proceed with the claim, however, by noticing and conducting a Berman hearing, he could not simply dismiss it summarily, thereby cutting off Post's right to seek review pursuant to Labor Code section 98.2, subdivision (a). As provided under the statute, the decision by the commissioner to take no further action on a wage claim must be made within 30 days of the time the claim is filed, not thereafter.[1]

Nor was the superior court's ruling herein analogous in operation to a writ of mandate. The commissioner was not compelled to do anything. The superior court determined, based on the evidence presented at the hearing de novo, that Post was an employee and ordered Palo/Haklar to pay past wages and expenses. It did not remand the matter to the commissioner for any purpose, or purport to direct him to take any further action on the matter; unlike a writ of mandate, the superior court's disposition and judgment had no consequences for the commissioner.

The Court of Appeal opined that permitting dismissal of a wage claim after a Berman hearing if the commissioner determined that the claimant was not an employee would not impair the legislative intent to afford speedy relief through an informal process. It explained: "While some claimants might choose to initiate civil actions rather than risk a Labor Commissioner determination of no jurisdiction, the 'Berman hearing' will still provide a speedy, informal alternative in cases in which a claimant's status as an employee is not at issue."

Discouraging wage claimants from filing wage claims with the commissioner in cases involving a dispute as to whether they were actually employees within the requirements of the Labor Code—as opposed, for example, to independent contractors—appears inconsistent with " 'the statutory objective of providing claimants with an informal process of resolving their claims for unpaid wages.' " (*Cuadra v. Millan, supra,* 17 Cal.4th at p. 870.) More to the point, however, as discussed, the Labor Code provisions do not provide for summary dismissal of a claim after a Berman hearing. Nor do they place any restriction on the authority of the reviewing court, in a hearing de novo, to

---

[1]Although the commissioner did not expressly state that he was dismissing the matter summarily, as opposed to rendering an order, decision, or award, it is evident that such was his intention. Thus, the notice of dismissal did not comply with all of the requirements under Labor Code section 98.1, subdivision (a), for an "order, decision, or award"; although the commissioner stated a quasi-judicial reason for the dismissal, he did not include a summary of the hearing or advise the parties of their right to appeal; moreover, the notice of dismissal was served on the parties nearly two years after the expiration of the mandatory 15-day limit for an order, decision, or award. For the reasons stated in the text, Post properly sought review by filing an appeal to the superior court from the notice of dismissal as from an order, decision, or award.

address a disputed question concerning any issue of law or fact, including the employment status of the claimant, or to determine its jurisdiction over a matter.

Palo/Haklar more broadly contends that the commissioner's finding that Post was not an employee divested both the commissioner and the superior court of subject matter jurisdiction; dismissal by the commissioner was final and nonreviewable. "Since [Post] availed himself of the Labor Commissioner forum, there is as a matter of law no jurisdiction in the superior court to hear [the matter] de novo." The point is lacking in merit.

As Palo/Haklar concedes, a decision by the commissioner that a wage claimant *was* an employee is clearly subject to appeal under Labor Code section 98.2. (See, e.g., *Resnik v. Anderson & Miles, supra,* 109 Cal.App.3d at p. 572 [rejecting employer's contention that the plaintiff was an independent contractor and therefore not entitled to recover unpaid wages].) We discern no reason why a decision by the commissioner that a claimant *was not* an employee is not equally subject to appeal under Labor Code section 98.2. The fact that such determination goes to the authority of the commissioner to enforce a wage order, i.e., to his or her subject matter jurisdiction, does not require a different result—just as a decision by a trial court that it lacks subject matter jurisdiction in an action, on preemption or other grounds, remains subject to review by the appellate court. Nothing in the Labor Code provisions commands otherwise.

The legislative history of the Labor Code provisions also supports the conclusion that the commissioner's quasi-judicial determination that Post was not an employee was subject to de novo review.[2] As originally introduced, the bill enacting the Labor Code provisions at issue authorized the commissioner to make a final determination after the hearing on a wage claim, subject to review by the courts, but *not* under a de novo standard. (Assem. Bill No. 1522 (1975-1976 Reg. Sess.) § 13.) The bill was amended to provide for hearing de novo by the court. (Assem. Amend. to Assem. Bill No. 1522 (1975-1976 Reg. Sess.) May 3, 1976, § 6.) The legislative aim thus appears to have been to provide for judicial review of any findings of fact and law by the commissioner, including findings concerning the employment status of a claimant.

Foreclosing appeal on this point after a Berman hearing would leave claimants with no other recourse than to begin again at square one by seeking relief through judicial proceedings, with the added disadvantage of

---

[2]The request by amici curiae and Post that we take judicial notice of the legislative history of Assembly Bill No. 1522 is granted.

the delays occasioned by their unsuccessful attempt to resolve the matter through the administrative process—here, a delay of nearly two years. It would appear inconsistent with the legislative purpose under Labor Code section 98 of providing an expeditious resolution of wage claims to foreclose de novo review by the superior court of the commissioner's finding that a claimant was not in an employer-employee relationship.

## IV

For the foregoing reasons, the judgment of the Court of Appeal is reversed and the matter is remanded to the Court of Appeal for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.