[No. B191819. Second Dist., Div. Five. Dec. 27, 2007.]

JOSEPHA GONZALEZ, Plaintiff and Respondent, v.
VLADIMIR BECK et al., Defendants and Appellants.

**COUNSEL**

Aldrich Law Group and Mark B. Aldrich for Defendants and Appellants.

Legal Aid Foundation of Los Angeles, Anel M. Flores, Betty Hung and Steven Zrucky for Plaintiff and Respondent.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Plaintiff and respondent Josepha Gonzalez (plaintiff) worked as a caregiver and housekeeper for defendants and appellants Vladimir Beck, Slavko Beck,[1] Slavika Beck, and the Beck Family Home (defendants). Upon termination of her employment, plaintiff filed a claim for unpaid wages with the California Labor Commissioner (Commissioner). When defendants failed to answer or appear at the administrative hearing on her claim, plaintiff obtained from the Commissioner an award upon which a judgment was entered in the trial court. Defendants' subsequent motion to set aside the judgment was denied by the trial court on the grounds that they had failed to exhaust their administrative remedies pursuant to Labor Code section 98, subdivision (f)[2] (section 98(f)).

On appeal, defendants contend that they were not required to exhaust their administrative remedies under section 98(f) because they did not receive actual notice of the administrative proceedings until well after the judgment was entered in the trial court. We hold that section 98(f) requires defendants, in accordance with Code of Civil Procedure section 473, to move to set aside the award before the Commissioner prior to seeking judicial relief from their default in the administrative proceeding. We therefore affirm the judgment.

---

[1] According to Vladimir Beck, his father, Slavko Beck, is deceased.

[2] All further statutory references are to the Labor Code unless otherwise indicated.

## FACTUAL BACKGROUND

Defendants employed plaintiff as a caregiver and housekeeper from April 1998 to September 11, 2003, pursuant to an oral agreement. She worked from approximately 6:30 a.m. to 6:00 p.m., five to six days a week. She was paid weekly, and her wages ranged from $342 to $460 per week.

Plaintiff asserted that she calculated the total hours she worked for defendants during her entire employment with them, and determined that she had not been paid in full. According to plaintiff, defendants did not maintain time records related to her employment. Plaintiff also alleged that, upon her termination, defendants failed to pay her last two weeks' wages, but, after several telephone calls, she received those wages, albeit two weeks after they were due. She did not, however, receive the amount she calculated she had been underpaid during her entire employment.

## PROCEDURAL BACKGROUND

### A. *Proceedings Before the Commissioner*

On September 26, 2003, plaintiff filed a wage claim with the Commissioner against defendants. On May 11, 2004, an officer designated by the Commissioner held a hearing on the claim. Plaintiff appeared, represented by counsel, but there were no appearances for defendants, purportedly because they did not receive actual notice of either the claim or hearing. After considering the testimony, documentary evidence, and arguments presented, the Commissioner adopted an "Order, Decision, or Award" (ODA) that awarded plaintiff unpaid wages, interest, and penalties, for a total award of $70,238.54.

### B. *Proceedings in the Trial Court*

On May 17, 2005, the Commissioner filed in the trial court a request that the clerk enter judgment on the ODA, and a judgment was entered on May 25, 2005. On September 8, 2005, plaintiff filed a notice of debtor exam and served it by mail on defendants. Defendants contend the notice of debtor exam was the first notice they had received in connection with plaintiff's claim, the ODA, and the judgment against them.

On January 18, 2006, defendants filed *in the trial court* a motion to set aside entry of default (motion to set aside) on the grounds of lack of actual notice of the proceedings before the Commissioner. On March 10, 2006, plaintiff filed an amended opposition to defendants' motion to set aside,

raising, inter alia, defendants' failure to exhaust their section 98(f) administrative remedy before the Commissioner. On April 7, 2006, defendants filed their reply brief but did not address section 98(f).

On April 14, 2006, the trial court heard and denied defendants' motion to set aside the judgment. Relying on section 98(f) and *Jones v. Basich* (1986) 176 Cal.App.3d 513 [222 Cal.Rptr. 26] (*Jones*), the trial court concluded that "[t]here [was] no evidence of defendants' compliance with that statute, and they are accordingly barred from seeking relief from default in this court."

Defendants filed their notice of appeal on June 12, 2006.

## DISCUSSION

### A. *Standard of Review*

To resolve defendants' contention that section 98(f) did not require them to file a motion to set aside the award before the Commissioner prior to seeking judicial relief, we must construe the requirements of that statute. Statutory construction is a question of law subject to our de novo review. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175 [39 Cal.Rptr.3d 788, 129 P.3d 1]; *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960].)

### B. *Statutory Scheme*

Upon termination of employment, section 201 entitles an employee to all earned but unpaid wages. "If an employer fails to pay wages in the amount, time or manner required by contract or by statute, the employee has two principal options. The employee may seek *judicial* relief by filing an ordinary civil action against the employer for breach of contract and/or for the wages prescribed by statute. (§§ 218, 1194.) Or the employee may seek *administrative* relief by filing a wage claim with the commissioner pursuant to a special statutory scheme codified in sections 98 to 98.8." (*Cuadra v. Millan* (1998) 17 Cal.4th 855, 858 [72 Cal.Rptr.2d 687, 952 P.2d 704], disapproved on another ground in *Samuels v. Mix* (1999) 22 Cal.4th 1, 16, fn. 4 [91 Cal.Rptr.2d 273, 989 P.2d 701].) If the employee files an administrative claim, the Commissioner "may either accept the matter and conduct an administrative hearing [citation], prosecute a civil action for the collection of wages and other money payable to employees arising out of an employment relationship [citation], or take no further action on the complaint. [Citation.]" (*Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 946 [98 Cal.Rptr.2d 671, 4 P.3d 928].)

If the Commissioner accepts the matter, the wage claim proceeds to an administrative hearing "commonly known as the 'Berman' hearing procedure after the name of [the legislation's] sponsor [former California Assemblyman, now United States Congressman, Howard Berman]." (*Cuadra v. Millan, supra,* 17 Cal.4th at p. 858, fn. omitted.) The Berman hearing generally takes place within 90 days of the date that the Commissioner decides to accept the matter. (*Post v. Palo/Haklar & Associates, supra,* 23 Cal.4th at pp. 946–947.) The employer may answer the complaint and participate in the Berman hearing. (See § 98, subd. (c); Cal. Code Regs., tit. 8, § 13505.) An employer who fails either to answer or appear "may apply to the Labor Commissioner for relief in accordance with Section 473 of the Code of Civil Procedure. The Labor Commissioner may afford this relief." (§ 98(f).)

"Within 15 days after the Berman hearing is concluded, the commissioner must file a copy of his or her order, decision, or award and serve notice thereof on the parties. [Citation.] The order, decision, or award must include a summary of the hearing and the reasons for the decision, and must advise the parties of their right to appeal. [Citation.]" (*Post v. Palo/Haklar & Associates, supra,* 23 Cal.4th at p. 947.)

Either party may seek review of the Commissioner's decision by appealing to the trial court. (§ 98.2, subd. (a).) The appeal must be filed within 10 days after notice of the decision is served. (*Ibid.*) "If no party takes an appeal, the commissioner's decision will be deemed a judgment, final immediately and enforceable as a judgment in a civil action. [Citations.]" (*Post v. Palo/Haklar & Associates, supra,* 23 Cal.4th at p. 947.)

### C. Section 98(f)

Section 98(f) provides: "If the defendant fails to appear or answer within the time allowed under this chapter, no default shall be taken against him or her, but the Labor Commissioner shall hear the evidence offered and shall issue an order, decision, or award in accordance with the evidence. A defendant failing to appear or answer, or subsequently contending to be aggrieved in any manner by want of notice of the pendency of the proceedings, may apply to the Labor Commissioner for relief in accordance with Section 473 of the Code of Civil Procedure. The Labor Commissioner may afford this relief. *No right to relief, including the claim that the findings or award of the Labor Commissioner or judgment entered thereon are void upon their face, shall accrue to the defendant in any court unless prior application is made to the Labor Commissioner in accordance with this chapter.*" (Italics added.)

Defendants contend that the issue of whether they were required to exhaust their administrative remedies before the Commissioner under section 98(f) is

one of first impression because, inter alia, that issue was not determined in *Jones, supra,* 176 Cal.App.3d 513, and no other published decision has addressed the point. Therefore, defendants argue, public policy considerations and principles of equity mandate that they should not be required to exhaust their remedies under section 98(f).

■ Defendant's argument requires us to construe section 98(f). " 'In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs. [Citation.]' (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056 [6 Cal.Rptr. 3d 432, 79 P.3d 548].) In other words, if there is 'no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said,' and it is not necessary to 'resort to legislative history to determine the statute's true meaning.' (*People v. Cochran* (2002) 28 Cal.4th 396, 400–401 [121 Cal.Rptr.2d 595, 48 P.3d 1148].)" (*People v. Licas* (2007) 41 Cal.4th 362, 367 [60 Cal.Rptr.3d 31, 159 P.3d 507].) "We begin by examining the statute's words, giving them a plain and commonsense meaning." (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)

■ Defendants' policy and equity arguments ignore the plain language of section 98(f), and would require us to give that language a meaning that defies common sense. Because the plain language of the statute governs, we presume that the Legislature meant what it said, i.e., a defendant in an administrative wage claim proceeding who fails to appear or answer may apply to the Commissioner for relief in accordance with the procedures set forth in Code of Civil Procedure section 473. The defendant may instead choose to appeal to the trial court within 10 days after notice of the decision. (§ 98.2, subd. (a).) "The right to appeal under Labor Code section 98.2 is distinct from other judicial proceedings in that there is no requirement that a defendant either participate in the commissioner's hearing or apply for administrative relief in order to appeal and obtain a trial de novo." (*Rogers v. Municipal Court* (1988) 197 Cal.App.3d 1314, 1318 [243 Cal.Rptr. 530], citing *Jones, supra,* 176 Cal.App.3d at pp. 517–518.) If, however, the defendant fails to file a timely appeal of the Commissioner's award in the trial court, it shall have no right to "relief" in any court from its failure to appear or answer, unless it has first applied to the Commissioner for relief from default. (§ 98(f).) As stated in *Jones, supra,* 176 Cal.App.3d at page 518, "[t]he word 'relief' [in the last sentence of section 98(f)] clearly refers to relief from such failure to either answer *or* appear" in the administrative proceeding.

Therefore, as occurred here, an employer's failure to appear or answer before the Commissioner *or to file a timely appeal* in the superior court is distinguishable from a proceeding in which the defaulting employer does timely appeal, which is what happened in *Jones, supra,* 176 Cal.App.3d 513. As the court held in that case, a defaulting employer can file a timely notice of appeal of the Commissioner's order with the superior court—without first applying to the Commissioner for relief under section 98(f)—because that section does not deal with the employer's right of appeal, but rather deals with relief from a failure of a defendant to either answer or appear. (176 Cal.App.3d at p. 518.) In making that distinction, the court noted, "[t]he last sentence of subdivision (f) clearly states that no right to 'relief' shall accrue to [a defendant who has failed to appear *or* answer] in any court unless prior application is made to the Labor Commissioner in accordance with this chapter." (*Ibid.*)

■ Because, unlike the employers in *Jones, supra,* 176 Cal.App.3d 513, defendants here did not file a timely appeal under section 98.2, subdivision (a), their remedy was to apply to the Commissioner for relief for their failure to answer or appear "in accordance with Section 473 of the Code of Civil Procedure." (§ 98(f).) According to the plain language of the last sentence of section 98(f), that right to administrative relief must be exercised and exhausted prior to the defendant seeking relief from a failure to answer or appear in "any court." Because defendants did not apply to the Commissioner to set aside the award prior to filing their motion to set aside in the trial court, they had no right to the relief they sought from that court.

Defendants argue that by the time they became aware of plaintiff's claim, a judgment had already been entered in the trial court, and plaintiff was taking steps to execute upon it, including noticing a judgment debtor exam. Therefore, according to defendants, it would be unfair to require them to seek relief before the Commissioner while actions were being taken against them in the trial court. Defendants' argument ignores the Commissioner's power to stay the proceedings in the trial court pursuant to section 98.2, subdivision (g). That section provides: "Notwithstanding subdivision (e), the Labor Commissioner may stay execution of any judgment entered upon an order, decision, or award that has become final upon good cause appearing therefor and may impose the terms and conditions of the stay of execution. A certified copy of the stay of execution shall be filed with the clerk entering the judgment." Defendants do not explain why an application to the Commissioner for a stay of the trial court proceedings would not protect their interests pending the outcome of their application for relief under section 98(f). Therefore, their claim that enforcement of the section 98(f) exhaustion requirement is unfair under these circumstances is unpersuasive.

It is apparent from the language of section 98(f) that the Legislature intended to require employers who do not answer or appear in an administrative wage claim proceeding, and who thereafter do not timely appeal from a decision of the Commissioner, to resort to the specified administrative remedy for relief in accordance with Code of Civil Procedure section 473 as a prerequisite to judicial action.

## DISPOSITION

The order of the trial court denying defendants' motion to set aside the judgment is affirmed. Plaintiff is awarded costs on appeal.

Turner, P. J., and Kriegler, J., concurred.