Filed 3/11/14  Hyundai of Roseville v. Peebles CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| HYUNDAI OF ROSEVILLE, LLC, | C073167 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0031659) |
| v. | |
| DARRELL LEE PEEBLES, | |
| Defendant and Respondent. | |

This proceeding arises out of a wage claim defendant Darrell Lee Peebles filed with the labor commissioner under Labor Code section 98 et seq. against plaintiff Hyundai of Roseville, LLC (Hyundai).  In this proceeding, Hyundai petitioned the superior court to compel Peebles to arbitrate the wage claim pursuant to an arbitration provision in his employment application.  Hyundai also sought an order dismissing or staying the administrative proceeding "until the arbitration is had."

By the time Hyundai obtained a ruling on its petition to compel arbitration, however, the labor commissioner had already ruled in favor of Peebles.  Interpreting the

1

arbitration provision on which Hyundai relied, the superior court concluded that Peebles was entitled to complete the administrative process before any arbitration under the agreement, and the administrative process was not yet over because jurisdiction of the matter was still vested in the labor commissioner and would be until Hyundai filed a notice of appeal from the commissioner's decision, seeking a trial de novo of the wage claim in superior court. Based on the conclusion that it lacked jurisdiction, the superior court denied Hyundai's petition to compel arbitration but advised Hyundai that Hyundai could renew the petition if and when Hyundai appealed the commissioner's decision, which would allow the matter to be arbitrated rather than tried de novo in the superior court.

Subsequently, Hyundai did request a trial de novo of Peebles's wage claim, and the parties ultimately agreed that trial would take place in front of an arbitrator pursuant to the arbitration provisions that Hyundai originally sought to enforce in this proceeding. As we explain hereafter, in this trial de novo, the commissioner's decision will be entitled to no weight whatsoever.

Under these circumstances, we conclude that Hyundai's appeal -- by which Hyundai seeks an "order . . . to arbitration pursuant to the terms of the[] arbitration agreement, without first having to exhaust the administrative remedies provided by Labor Code section 98 *et seq.*" -- is moot. Accordingly, we will dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2011, in connection with an application for employment with Hyundai, Peebles signed a preprinted form that provided for binding arbitration of any dispute between the parties. The agreement contained the following proviso: "I understand and agree that nothing in this agreement shall be construed so as to preclude me from filing any administrative charge with, or from participating in any investigation of a charge conducted by, any government agency such as the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission; however, after I

2

exhaust such administrative process/investigation, I understand and agree that I must pursue any such claims through this binding arbitration procedure."

In March 2012, Peebles filed a complaint with the labor commissioner alleging that he had worked for Hyundai from August 4 through August 23, 2011, but had not been paid. The complaint sought the payment of $2,708.33 in wages and penalties of $230.77 per day (not to exceed 30 days).

On August 17, 2012, the labor commissioner served Hyundai's attorney with notice that a hearing would be held on Peebles's complaint on September 7.

On August 27, Hyundai commenced this proceeding by filing a petition to compel arbitration of the wage dispute, asking for dismissal or stay of the proceeding in front of the labor commissioner "until the arbitration is had." Neither in its petition nor in its memorandum of points and authorities did Hyundai specifically mention the provision in the arbitration agreement regarding administrative charges, but Hyundai did append a copy of the arbitration agreement to its petition.

The hearing on Hyundai's petition was originally set for October 2 but was later reset to November 13 and then to December 18, purportedly because of problems with serving Peebles with the petition. As for the hearing on the administrative claim, according to Hyundai the labor commissioner took the hearing off calendar upon receiving notice of the petition to compel arbitration of the wage dispute. On November 28, however, with the hearing on the petition to compel arbitration set for December 18, the labor commissioner rescheduled the administrative hearing for December 14.

In response to the petition to compel arbitration, Peebles argued (among other things) that the wage claim he filed with the labor commissioner qualified as an administrative charge within the meaning of the provision set forth above. Peebles contended "the Labor Commissioner['s] process should be allowed to go to fruition, because it is the obvious exemption [*sic*] to the mandatory arbitration provision."

3

In reply, Hyundai argued that the provision in question "preserves an employee's right to make administrative charges that are a prerequisite to filing suit," "[f]or example, filing a complaint with the Department of Fair Employment and Housing," and since "there is no statutory administrative filing prerequisite for wage claims as there is for FEHA Claims," the provision did not apply to the wage dispute.

On December 14, a hearing officer designated by the labor commissioner heard Peebles's administrative wage claim and issued an order that Peebles recover a total of $10,144.77 from Hyundai.[1]

In advance of the December 18 hearing on the petition to compel arbitration, the trial court issued a tentative ruling denying the petition on the ground that Hyundai could not compel arbitration because the administrative proceeding before the labor commissioner fell within the "administrative charge" provision in the arbitration agreement and the administrative process was not yet exhausted. At the hearing, Peebles provided the court with a copy of the labor commissioner's decision and asked Hyundai whether the ruling "essentially mooted" "the issue before the Court." Hyundai argued that accepting the reasoning of the court's tentative ruling, arbitration should now be compelled because the administrative process was complete. Peebles responded that the "arbitration request [wa]s bogus" and with the labor commissioner's decision issued if Hyundai "want[ed] to go do something they ha[d] to file a court action to seek to have a trial de novo" under Labor Code section 98.2. The court expressed the opinion that Hyundai had the right to arbitration "following the administrative procedure that's been had before the Labor Commissioner" and asked whether Hyundai's "trial de novo is the

---

[1] The decision noted that Hyundai "failed to appear and did not submit a written answer to the complaint." For its part, Hyundai claims it filed "written objections to the proceedings with the labor commissioner based on the filing of the Petition to Compel Arbitration," but the labor commissioner conducted the hearing over those objections.

arbitration." Peebles argued that the petition to compel arbitration "was to stop the administrative agency proceeding" and because the administrative process was now complete "[t]his case is done, over, finished." Peebles contended that if Hyundai wanted to challenge the administrative decision, Hyundai had to "separately request and file a Superior Court action under [section] 98.2."

After taking the matter under submission, the court issued an order after hearing on December 20. The court essentially affirmed its tentative ruling that arbitration could not be compelled until the administrative process was complete but further concluded that unless and until Hyundai filed a timely notice of appeal from the labor commissioner's order under Labor Code section 98.2, the court lacked jurisdiction because jurisdiction properly remained with the commissioner. The court concluded that "[i]f and when [Hyundai] files a Sec. 98.2 Notice of Appeal, then it may renew its application that the matter be arbitrated in lieu of the trial de novo in the Superior Court contemplated by the statutory scheme."

Hyundai filed a notice of appeal from the labor commissioner's order on December 28, 2012.[2] Thereafter, in February 2013, the parties stipulated to arbitration of the trial de novo "pursuant to the arbitration provisions contained in [the] agreement signed by PEEBLES in relation to his application for employment with [Hyundai]."

Meanwhile, on February 11, 2013, Hyundai timely appealed the order denying its petition to compel arbitration.

On March 26, 2013, while this appeal was pending, the trial court voided Peebles's response to the petition to compel arbitration because the check for his filing fee was returned as unpayable and Peebles failed to make payment within 20 days of the

---

[2]    Peebles's appendix contains a copy of an *unfiled* notice of appeal from the labor commissioner's order that was signed on December 21, 2012, but the parties agree that Hyundai filed the notice of appeal on December 28, 2012.

notice the court sent on January 16 ordering payment. Peebles contends he subsequently cured that default; however, the only evidence of that cure, other than the unsworn statement in Peebles's brief, is the copy of his response contained in his appendix, which shows that it was filed on April 10, 2013.

## DISCUSSION

On appeal, Hyundai primarily contends that the Federal Arbitration Act (9 U.S.C. § 2, et seq.) preempts the labor commissioner's primary jurisdiction over a wage claim like Peebles's and therefore the superior court erred in requiring the parties to exhaust the administrative process in front of the commissioner before compelling arbitration. As relief, Hyundai asks us to "order the parties to arbitration pursuant to the terms of their arbitration agreement, without first having to exhaust the administrative remedies provided by Labor Code section 98 *et seq.*"

The procedural posture of this case, as described above, combined with Hyundai's request for relief, raises the issue of mootness.[3] As we have noted, the administrative process before the labor commissioner on Peebles's wage claim has been completed. Moreover, Hyundai's filing of a notice of appeal in the superior court from the commissioner's decision has forestalled that decision, terminated the commissioner's jurisdiction, and vested jurisdiction to conduct a hearing de novo in the superior court. (See *Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 947.) In the hearing de novo, "[t]he decision of the commissioner is 'entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense." ' " (*Id.* at p. 948.) Here, the parties have stipulated to have the trial de novo in front of an arbitrator pursuant to their arbitration agreement. Thus, they will now have the arbitration that Hyundai sought to

---

[3]    We solicited and obtained supplemental letter briefs from the parties on the subject.

6

compel in the first place -- an arbitration of Peebles's wage claim unaffected by Peebles's invocation of the administrative process under Labor Code section 98 et seq.

Given this procedural posture, we conclude the present appeal is moot. "A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated.' [Citation] . . . . ' " . . . [W]hen . . . an event occurs which renders it impossible for [the] court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to formal judgment. . . ." ' " (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.) "Thus, ' "[m]ootness has been described as ' "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." ' [Citations.]" ' [Citation.] When events render a case moot, the court, whether trial or appellate, should generally dismiss it." (*Ibid.*)

Here, we cannot grant Hyundai any effectual relief because what Hyundai sought was to avoid the administrative process in front of the labor commissioner and proceed directly to arbitration of Peebles's wage claim. As we have explained, however, the administrative process has been completed, Peebles's wage claim now *is* in arbitration, and the labor commissioner's decision will have no effect whatsoever on that arbitration. A decision in favor of Hyundai here, based on the conclusion that Peebles did not have the right to invoke the administrative process before arbitrating the wage claim, would serve no practical purpose and accomplish nothing for Hyundai.

In its supplemental letter brief, Hyundai contends a decision in its favor would provide "extremely effectual relief -- relief from the entire [administrative] hearing process and all that flows from it," but that is just not so. We cannot undo the administrative process; it is already complete. Moreover, as we have explained, the labor commissioner's decision will have no bearing whatsoever in the arbitration of Peebles's

wage claim to which the parties have now agreed. Thus, to that extent, it *is* as though the administrative proceeding never occurred.

Even in its letter brief, Hyundai concedes that what it is seeking here is to "effectuate [its] rights . . . to have the arbitration agreement enforced . . . without the imposition of the [administrative] hearing process and its *de novo* appeal procedures." But that is relief that *cannot be provided* at this time. The administrative hearing process is over, and the de novo appeal procedures have been invoked. By agreement, Peebles's wage claim is poised for arbitration pursuant to the terms of the arbitration provision in Peebles's employment application. (We assume that arbitration has been stayed pending the outcome of this appeal.) Granting Hyundai relief on appeal would do nothing but put the parties in exactly the same place they are in now.

There are two possible caveats to the foregoing conclusion, but we ultimately reject them both. First, pursuant to the trial de novo procedures, Hyundai has apparently posted an undertaking in the amount of the labor commissioner's award to Peebles. (See Lab. Code, § 98.2, subd. (b).) Hyundai points out that if Peebles's wage claim had gone directly to arbitration, without the administrative hearing process, no such undertaking would have been required. While that may be true, it is also true that we have no jurisdiction over Hyundai's undertaking. Any undertaking Hyundai posted was posted as a condition to Hyundai's filing of the notice of appeal from the labor commissioner's decision, which instituted a proceeding in the superior court that is separate and apart from the proceeding that is before us. The only proceeding we have any power over here is Hyundai's petition to compel arbitration, and the only relief we can grant here is the relief Hyundai sought in *that* proceeding. We have no power to affect in any manner the disposition of the separate superior court proceeding instituted by Hyundai's notice of appeal from the commissioner's decision and no power to relieve Hyundai from the undertaking it had to post to institute that proceeding.

Second, in its letter brief Hyundai mentions generally "the scale-tipping statutory

8

financial and procedural requirements attached to the appeal of the [commissioner's decision]." To the extent Hyundai intends to suggest that the arbitration now pending, following Hyundai's appeal from the labor commissioner's decision, may involve financial or procedural consequences that would not have been involved had Peebles's wage claim proceeded to arbitration without the prior invocation of the administrative process, and that granting Hyundai relief in this appeal would allow Hyundai to proceed to arbitration *without* those consequences, there is some suggestion of practical relief that could be provided in this appeal.

Two considerations, however, prevent us from concluding that this suggestion materially affects our mootness analysis. First, Hyundai has made no attempt to specify what these "scale-tipping statutory financial and procedural requirements" are, and therefore we have no basis for comparing the arbitration Hyundai is now facing with the arbitration it would have faced had arbitration been ordered before the administrative process was complete. Second, as we have noted, we have no power over the entirely separate superior court proceeding instituted by Hyundai's notice of appeal from the labor commissioner's decision, and the parties have agreed to submit that proceeding to binding arbitration pursuant to the arbitration provision in Peebles's employment application. Hyundai fails to explain how any relief we could grant in this case -- which would be limited to ordering the superior court to grant Hyundai's petition to compel arbitration of Peebles's wage claim -- would relieve Hyundai from the consequences of its agreement to arbitrate the trial de novo of Peebles's wage claim on appeal from the labor commissioner's decision. Under these circumstances, we conclude that Hyundai has failed to show any effectual relief that we could grant in this appeal.

For all of the foregoing reasons, Hyundai's appeal is moot and therefore we will dismiss it.

9

## DISPOSITION

The appeal is dismissed.  Peebles shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.276(a).)

                                       _____ROBIE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____BUTZ_____, J.