[No. B234263. Second Dist., Div. Three. July 26, 2012.]

REBECCA C. ARIAS, Plaintiff and Appellant, v.
LUPE KARDOULIAS, Defendant and Respondent.

**COUNSEL**

Rebecca C. Arias, in pro. per., for Plaintiff and Appellant.

Law Office of Paul H. Nankivell II and Paul H. Nankivell II for Defendant and Respondent.

## OPINION

ALDRICH, J.—Labor Code section 98.2, subdivision (c)[1] states that if a party files an appeal in the superior court seeking review of California's Labor Commissioner's (commissioner) decision and is "unsuccessful in the appeal," the court shall determine the reasonable attorney fees and costs incurred by the other parties to the appeal and assess that amount as a cost upon the party filing the appeal. "An employee is successful [on appeal] if the court awards an amount greater than zero." (§ 98.2, subd. (c).) The commissioner awarded Rebecca C. Arias $6,319.69 in unpaid wages, but her untimely appeal to the superior court was dismissed on jurisdictional grounds. The superior court considered Arias "unsuccessful on appeal," and assessed $6,395 in attorney fees and costs against Arias, the party filing the appeal.

In this case of first impression, we must determine whether the dismissal on jurisdictional grounds of an untimely appeal from the commissioner's decision is equivalent to an "award of zero" for purposes of assessing attorney fees and costs against an unsuccessful employee under section 98.2, subdivision (c). Unlike a conventional case, when a party timely appeals the commissioner's decision, the superior court conducts a new trial on the merits of the employee's wage claim. (§ 98.2, subd. (a).) The statutory right to recover attorney fees under section 98.2, subdivision (c) depends upon success at trial. Because the purpose behind this one-way fee-shifting provision is to discourage unmeritorious appeals, based upon the statutory language and the legislative intent, we hold that section 98.2, subdivision (c) does not become operative unless the superior court has jurisdiction to conduct a trial on the merits of the employee's wage claim. We therefore reverse the attorney fees and costs assessed in this action.

## BACKGROUND

Arias filed a wage claim with the commissioner against Lupe Kardoulias, her sister and employer, seeking to recover unpaid wages earned while caring for their elderly father. The commissioner awarded Arias $6,319.69. In *Arias v. Kardoulias* (Dec. 14, 2011, B232363) (nonpub. opn.) (*Arias I*), we concluded that Arias's appeal from the commissioner's decision to the superior court was untimely under section 98.2, subdivision (a). We held that the time limit for taking an appeal is "mandatory and jurisdictional," as stated in *Pressler v.*

---

[1] Labor Code section 98.2, subdivision (c) states: "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero."

Unless otherwise indicated, all further statutory references are to the Labor Code.

*Donald L. Bren Co.* (1982) 32 Cal.3d 831, 836 [187 Cal.Rptr. 449, 654 P.2d 219]. Thus, we affirmed the dismissal.

While *Arias I* was pending, Kardoulias filed a memorandum of costs and a supporting declaration requesting attorney fees under section 98.2, subdivision (c). Kardoulias sought the filing fee of $395 and attorney fees in the amount of $8,100 incurred to obtain the dismissal.[2] Arias, in propria persona, moved to tax or strike the costs on the ground that attorney fees were recoverable under section 98.2, subdivision (c) only if the superior court conducted a trial de novo.

Following a hearing, the trial court granted Kardoulias's motion, awarding costs and $6,000 in attorney fees, for a total of $6,395. Arias timely filed this appeal.

## DISCUSSION

### 1. *The Section 98.2, Subdivision (c) Attorney Fees Provision*

 Section 98.2, subdivision (c) is a one-way fee-shifting provision applicable in proceedings following an appeal from the commissioner's decision on a wage-related claim. (*Sampson v. Parking Service 2000 Com., Inc.* (2004) 117 Cal.App.4th 212, 225–228 [11 Cal.Rptr.3d 595].) The California Supreme Court has provided an extensive overview of the special statutory scheme to pursue a wage claim before the commissioner, commonly referred to as the "Berman hearing procedure" (§ 98 et seq.). (*Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 946–948 [98 Cal.Rptr.2d 671, 4 P.3d 928]; see *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 355–357 [127 Cal.Rptr.2d 516, 58 P.3d 367], superseded by 2003 amend. to § 98.2, subd. (c) as stated in *Sonic-Calabasas A, Inc. v. Moreno* (2011) 51 Cal.4th 659, 673–674, fn. 2 [121 Cal.Rptr.3d 58, 247 P.3d 130], judg. vacated on other grounds (2011) 565 U.S. ___ [181 L.Ed.2d 343, 132 S.Ct. 496].) "An employee pursuing a wage-related claim ' "has two principal options. The employee may seek *judicial* relief by filing an ordinary civil action against the employer for breach of contract and/or for the wages prescribed by statute. [Citation.] Or the employee may seek *administrative* relief by filing a wage claim with the [commissioner] pursuant to a special statutory scheme codified in sections 98 to 98.8 . . . ." ' [Citation.]" (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1115 [56 Cal.Rptr.3d 880, 155 P.3d 284].) The purpose of the Berman hearing procedure is " ' "to avoid recourse to costly and time-consuming judicial proceedings in all but the most complex of wage claims." ' " (*Smith v. Rae-Venter Law Group, supra,* at p. 356.)

---

[2] According to the supporting declaration, the $8,100 figure consisted of 27 hours at $300 per hour.

■ If an employee files a wage claim before the commissioner, the parties may seek review of the decision by filing an appeal to the superior court "where the appeal shall be heard de novo." (§ 98.2, subd. (a); see *Post v. Palo/Haklar & Associates, supra*, 23 Cal.4th at pp. 947–948.) "The timely filing of a notice of appeal forestalls the commissioner's decision, terminates his or her jurisdiction, and vests jurisdiction to conduct a hearing de novo . . ." in the superior court. (*Post v. Palo/Haklar & Associates*, at p. 947.)

Unlike an appeal in a civil action, the appeal of the commissioner's decision to the superior court under section 98.2, subdivision (a) nullifies the decision, and the superior court conducts a new trial of the wage dispute. (*Post v. Palo/Haklar & Associates, supra*, 23 Cal.4th at p. 948.) "The trial court 'hears the matter, not as an appellate court, but as a court of original jurisdiction, with full power to hear and determine [the wage claim] as if it had never been before the labor commissioner.' " (*Murphy v. Kenneth Cole Productions, Inc., supra*, 40 Cal.4th at pp. 1116–1117.)

■ Section 98.2, subdivision (c) is the applicable fees and costs provision following an appeal from the commissioner's decision. (*Sonic-Calabasas A, Inc. v. Moreno, supra*, 51 Cal.4th at p. 673.) Section 98.2, subdivision (c) is not a prevailing party fee provision, instead it is a one-way fee-shifting scheme that penalizes an unsuccessful party who appeals the commissioner's decision. If an employer unsuccessfully appeals, that is, does not nullify the commissioner's decision following a new trial in the superior court, the employee is entitled to recover attorney fees and costs. If an employee appeals, however, the employer is not entitled to attorney fees and costs if the employee receives an award greater than zero on the wage claim following a new trial in the superior court.

Section 98.2, subdivision (c) was amended to protect the employee by clarifying what constitutes an employee's success on appeal. (*Sonic-Calabasas A, Inc. v. Moreno, supra*, 51 Cal.4th at p. 673, fn. 2.) "Before the statute was amended in 2003, it did not explicitly provide that an employee would be considered successful on appeal if the court awards an amount greater than zero (cf. Stats. 2002, ch. 784, § 522), but Court of Appeal decisions construed the statute in that manner." (*Ibid.*) In *Smith v. Rae-Venter Law Group, supra*, 29 Cal.4th at pages 370–371, the Supreme Court construed section 98.2, subdivision (c) and concluded that an employee is unsuccessful on appeal, and subject to the one-way fee-shifting provision, if the award on appeal was less than the commissioner's award. (*Sonic-Calabasas A, Inc. v. Moreno*, at p. 673, fn. 2.) The Legislature amended section 98.2, subdivision (c) to overrule *Smith v. Rae-Venter Law Group* to restore the law. (*Sonic-Calabasas A, Inc. v. Moreno*, at p. 674.) The Governor's signing message states: " 'This bill codifies a body of case law holding that an employee is successful on

appeal even if the court awards an amount that is the same or lesser than previously awarded by the Labor Commissioner.' " (Historical and Statutory Notes, 44 West's Ann. Lab. Code (2011) foll. § 98.2, p. 111.) We must determine whether the Legislature intended the one-way fee-shifting provision in section 98.2, subdivision (c) to permit an employer to recover attorney fees and costs when the superior court dismisses an employee's appeal for lack of subject matter jurisdiction. Stated another way, is a dismissal on jurisdictional grounds an award of "zero," which would mean an employee was unsuccessful on appeal?

2. *A Dismissal of an Employee's Appeal on Jurisdictional Grounds Does Not Permit the Award of Attorney Fees Under Section 98.2, Subdivision (c)*

Arias contends that the attorney fees provision in section 98.2, subdivision (c) does not become operative unless the superior court conducts a new trial and renders a decision on the employee's wage claim. We independently review the trial court's construction of section 98.2, subdivision (c). (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1394 [117 Cal.Rptr.3d 377, 241 P.3d 870].) The resolution of this issue involves statutory interpretation.

In the case of statutory interpretation, our task is to determine afresh the intent of the Legislature by construing in context the statutory language. (*Pineda v. Bank of America, N.A., supra,* 50 Cal.4th 1389, 1394.) We look first to the words the Legislature used, giving them their usual and ordinary meaning. If there is no ambiguity in the language, then the plain meaning governs. While the parties find ambiguity, we find no ambiguity regarding how the Legislature intended section 98.2, subdivision (c) to operate when an employee appeals the commissioner's decision.

Section 98.2, subdivision (c) states that if the party seeking review of the commissioner's decision is unsuccessful on appeal, the court shall determine reasonable attorney fees and costs. As stated in the statute, and previously construed in numerous California Supreme Court cases, "appeal" in section 98.2 is not used in the conventional sense but instead means a "new trial," in which the superior court has original jurisdiction to hear the wage claim. (§ 98.2, subd. (a); see, e.g., *Murphy v. Kenneth Cole Productions, Inc., supra,* 40 Cal.4th at pp. 1116–1117.) "The de novo hearing is 'in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held . . . . The decision therein is binding upon the parties thereto and takes the place of and completely nullifies the former determination of the matter.' [Citation.]" (*Cardenas v. Mission Industries* (1991) 226 Cal.App.3d 952, 960 [277

Cal.Rptr. 247], disapproved on another ground in *Smith v. Rae-Venter Group,* *supra*, 29 Cal.4th at p. 370.)

To recover attorney fees under section 98.2, subdivision (c), the appealing party must be "unsuccessful in the appeal," or unsuccessful following the new trial on the wage claim. For employees, success or lack of success depends upon whether the superior court makes an "award," that is, decides whether the employee is entitled to recover any unpaid wages. (§ 98.2, subd. (c).) Section 98.2 interchangeably refers to an "award," "order," and "decision" as a merits determination. (§ 98.2, subds. (a) ["Within 10 days after service of notice of an order, decision, or award [by the commissioner]"], (d) ["If no notice of appeal of the order, decision, or award"].) If the Legislature had intended that attorney fees were recoverable without taking any action on the merits, it would have chosen different language in section 98.2, subdivision (c) or written a prevailing-party fees provision.

■ Another subdivision of section 98.2 explicitly addresses the consequences when the superior court lacks original jurisdiction to hear the appeal, that is, to conduct a new trial. If no notice of appeal is filed within the statutory period, the commissioner's decision becomes final. (§ 98.2, subd. (d).)[3] ■ No attorney fees are recoverable on a wage claim before the commissioner. (*Sampson v. Parking Service 2000 Com., Inc., supra*, 117 Cal.App.4th at pp. 225–230.)

■ Although neither party presents reasoned argument on their respective positions, Kardoulias's interpretation of section 98.2, subdivision (c) is based upon the contention that because she obtained the dismissal of the appeal, she prevailed and Arias did not. In other statutory contexts, for purposes of determining the right to recover attorney fees as the prevailing party,[4] courts have awarded attorney fees to the party obtaining a dismissal on procedural grounds, including forum non conveniens (*PNEC Corp. v. Meyer* (2010) 190 Cal.App.4th 66, 69–71 [118 Cal.Rptr.3d 730]), lack of personal jurisdiction

---

[3] Section 98.2, subdivision (d) states: "If no notice of appeal of the order, decision, or award is filed within the period set forth in subdivision (a), the order, decision, or award shall, in the absence of fraud, be deemed the final order."

[4] Civil Code section 1717, subdivision (a) states in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Subdivision (b)(1) states: "Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." Paragraph (2) of subdivision (b) states: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

(*Profit Concepts Management, Inc. v. Griffith* (2008) 162 Cal.App.4th 950, 952 [76 Cal.Rptr.3d 396]), and failure to timely serve a summons (*Winick Corp. v. Safeco Insurance Co.* (1986) 187 Cal.App.3d 1502, 1507–1508 [232 Cal.Rptr. 479] [reasoning by parity that a prevailing party in a contractor bond action (Civ. Code, former § 3250) need not obtain a judgment on the merits to receive attorney fees]). As the *Winick* court noted, its decision to award attorney fees was a pragmatic one because the "most Safeco—or any other civil defendant—ordinarily can hope to achieve is to have the plaintiff's claim thrown out completely." (*Winick*, at p. 1508.)

But adopting the interpretation of conventional, prevailing party cases would ignore the statutory context and misapprehend the legislative purpose in enacting the attorney fees provision in section 98.2, subdivision (c). Section 98.2, subdivision (c) acts as a disincentive to appeal the commissioner's decision. As noted, the Legislature enacted the one-way fee-shifting provision to "discourag[e] unmeritorious appeals of wage claims, thereby reducing the costs and delays of prolonged disputes, by imposing the full costs of litigation on the unsuccessful appellant. . . . Discouraging meritless appeals is consonant with the general purpose of section 98 et seq. . . . . [Citation.]" (*Lolley v. Campbell* (2002) 28 Cal.4th 367, 376 [121 Cal.Rptr.2d 571, 48 P.3d 1128], citations omitted.) An employee presents an unmeritorious appeal only if the superior court, upon a trial de novo, reaches the merits of the wage claim and concludes the employee has no right to recover unpaid wages. When an appeal is dismissed on jurisdictional grounds, the superior court has had no occasion to make that determination.

A dismissal of the appeal from the commissioner's decision on jurisdictional grounds is not the equivalent of the superior court's determination, after conducting a trial de novo, that the employee is entitled to "zero." The flaw in Kardoulias's construction is well illustrated here. Because Arias did not timely appeal, she has a collectible judgment against her employer for $6,319.69, in unpaid wages (§ 98.2, subd. (e)), but she has been assessed attorney fees and costs under section 98.2, subdivision (c) as if the trial court's order of dismissal concluded that she had no right to recover those unpaid wages. Unlike the dismissal of a civil action, the dismissal of Arias's appeal only precluded a new trial on her wage claim; her award of unpaid wages was not "thrown out completely" or nullified. The employer remains liable for $6,319.69 in unpaid wages.

■ In light of the statutory language, the legislative purpose of the one-way fee-shifting provision, and the amendment to favor employees, we hold that section 98.2, subdivision (c) does not become operative against an employee unless the employee has a new trial in the superior court on the

wage claim.[5] Thus, the trial court erred in assessing attorney fees and costs against Arias following the dismissal of her appeal on jurisdictional grounds. In light of this conclusion, we need not discuss whether the amount awarded was reasonable.

## DISPOSITION

The trial court's order awarding Kardoulias $6,395 in attorney fees and costs under Labor Code section 98.2, subdivision (c) is reversed. The parties must bear their own costs on appeal.

Klein, P. J., and Kitching, J., concurred.

---

[5] We express no opinion on the case in which a timely appeal from a commissioner's decision is dismissed on other grounds. We also do not consider whether section 98.2, subdivision (c) applies to proceedings in the Court of Appeal because Kardoulias did not request attorney fees incurred on appeal in *Arias I*.