Filed 6/24/15  Litmon v. Reliant Travel CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DAVID LITMON, JR., <br><br> Plaintiff and Respondent, <br> v. <br><br> RELIANT TRAVEL, LLC, <br><br> Defendant and Appellant. | A142211 <br><br> (Alameda County <br> Super. Ct. No. RG13680040) |

Defendant Reliant Travel, LLC, appeals from a judgment awarding $9,260 in unpaid wages to plaintiff David Litmon, Jr.  Judgment was entered after a bench trial on an appeal of an order of the Labor Commissioner that denied the wage claim.  We conclude Reliant has failed to carry its burden of affirmatively demonstrating error, and we therefore affirm the judgment.

BACKGROUND

In July 2012, Litmon filed a claim with the commissioner under Industrial Welfare Commission (IWC) Wage Order 9-2001, which generally provides for weekly overtime for hours worked in excess of 40 hours per week and daily overtime for hours worked in excess of eight hours per day.  Litmon alleged he had been employed by Reliant and was owed overtime wages, severance pay, liquidated damages, and penalties.  During his employment, Litmon drove buses to transport patrons to gambling casinos.  In August 2012, Litmon was assigned additional duties and assumed the title of safety and compliance supervisor.

1

A hearing was held before the commissioner in April 2013. The commissioner ruled that Litmon was exempt from overtime requirements because (1) he fell within the executive exemption by performing duties such as conducting performance evaluations after being promoted; (2) he fell within the administrative exemption because he was "involved in Defendant's general business operations, exercised discretion and independent judgment on a regular basis, and performed his duties under only general supervision"; and (3) his hours were governed by Title 13 of the California Code of Regulations, not IWC Wage Order 9-200, because he was a driver of a motor vehicle designed to carry more than 10 persons. The commissioner ordered that Litmon "take nothing by virtue of his complaint."

Litmon, appearing in pro per, filed a notice of appeal of the commissioner's order in Alameda County Superior Court. Court minutes of April 18, 2014, show he appeared at a hearing before Judge Frank Roesch and testified on his own behalf. Reliant also appeared and presented two witnesses. Litmon's exhibits A, B, D, E, and F were marked and admitted into evidence; Reliant's exhibits 5 through 9 and 11 through 14 were marked and admitted into evidence. None of the testimony or exhibits, however, is included in our appellate record.

On April 23, 2014, Judge Roesch granted judgment in favor of Litmon in the amount of $9,260, ruling as follows: "The court finds that [Litmon] does not qualify as an 'executive' because his duties cannot be said to include the management of the enterprise or any department or subdivision. [Litmon] did not regularly direct the work of any employees, and did not have authority to hire or fire or promote or demote any employees working for defendant Reliant Travel. [Litmon]'s work did not include the regular exercise of discretion or the use of his independent judgment. Further, [Litmon] did perform office work directly related to the business operations of his employer, but he did not directly assist the proprietor and was not employed in a bona fide executive or administrative capacity." The judgment was entered on April 29, 2014.

2

In its opening brief, Reliant's statement of facts cites only to the commissioner's order and does not discuss the evidence submitted at the hearing before Judge Roesch. It recites the findings of the commissioner, and it asserts those findings are supported by substantial evidence, but it does not show, based on the evidence presented to the trial court, that the court erred as a matter of law or made findings based on insubstantial evidence. Rather, Reliant claims the "trial court reviewed the administrative record for substantial evidence" and maintains that our task on appeal is to review "the entire record to determine whether the [commissioner's] findings were supported by substantial evidence, resolving all conflicts in the evidence and drawing all inferences in support of them." Reliant is mistaken on the applicable standards of review. As we explain more fully below, the trial court conducts a trial de novo of the commissioner's findings, and we review the trial court's—not the commissioner's—factual findings for substantial evidence.

The timely filing of a notice of appeal under Labor Code section 98.2, subdivision (a)[1] from a commissioner's wage order nullifies the decision, terminates the commissioner's jurisdiction, and vests jurisdiction to conduct a hearing de novo in the trial court, which hears the matter, not as an appellate court, but as a court of original jurisdiction with full power to hear and determine it as if it had never been before the commissioner. (See *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1117-1120 [trial court's power to hear wage dispute extends even to consideration of related issues not reached by commissioner]; *Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 861 [citing *Murphy, supra*]; see also *Arias v. Kardoulias* (2012) 207 Cal.App.4th 1429, 1435 [same].) "The trial de novo, though labeled an 'appeal,' is ' " ' "a trial anew in the fullest sense," ' " ' " in which the administrative decision is entitled to no weight whatsoever, and the parties may present entirely new evidence to

---

[1] This statute provides in pertinent part: "Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo."

the trial court. [Citations.]" (*Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1381.)

Furthermore, "[t]he decision of the trial court, after de novo hearing, is subject to a conventional appeal to an appropriate appellate court." (*Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 357, superseded by statute on another point as acknowledged in *Sonic-Calabasas A, Inc. v. Moreno* (2011) 51 Cal.4th 659, 673, fn. 2.) In such an appeal, the *trial court's* findings are reviewed under the substantial evidence rule. (See *Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal.App.4th 555, 561.) As we do in other appeals, "we apply basic tenets prescribing the scope and limits of appellate review, starting with the most fundamental—the presumption of correctness. An appealed judgment is presumed to be correct. We will indulge all intendments and presumptions to support the judgment on matters as to which the record is silent and prejudicial error must be affirmatively shown. [Citations.]" (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 267.) A " 'necessary corollary' " to this rule " 'is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (Italics in original.) (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence. [Citations.]" (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992, italics in original.)

Here, by not providing in the appellate record a transcript of the testimony the trial court heard, or any other evidence it considered, Reliant failed to meet its burden to affirmatively demonstrate error. We simply cannot conclude on the basis of the record before us that the trial court's findings lacked substantial evidence. Accordingly, the judgment must be affirmed.

DISPOSITION

The judgment is affirmed. Reliant shall bear costs on appeal.

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Dondero, J.