Filed 7/28/15; pub. order 8/24/15 (see end of opn.); received for posting 8/27/15

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

ROYAL PACIFIC FUNDING
CORPORATION etc., et al.,

    Plaintiffs and Respondents,

      v.

LINDA ARNESON,

    Defendant and Appellant.

G050158

(Super. Ct. No. 30-2013-00685363)

O P I N I O N

\* \* \*

        Appeal from an order of the Superior Court of Orange County, Margaret R. Anderson, Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded.

        Ross & Morrison and Andrew D. Morrison for Defendant and Appellant.

        Johnson & Associates, Randall K. Johnson; Schiffer & Buus, Eric M. Schiffer and William L. Buus for Plaintiffs and Respondents.

        \*          \*          \*

Linda Arneson worked for Pacific Mortgage,[1] partly on salary, partly on commission. After she left Pacific in February 2013, she claimed she was owed commissions for, among other things, certain work done by a fellow employee as part of her team. Representing herself, she filed a wage claim with the state Labor Commissioner, and, in October 2013, obtained an award of approximately $29,500. Pacific timely filed an appeal to the Orange County Superior Court, and timely filed a bond guaranteeing Arneson's award. The appeal prompted Arneson to seek legal counsel in mid-December 2013. Her counsel substituted into the case on January 10, and six days later the court scheduled a pretrial conference for early March 2014, and the appeal itself for late March. In early February, Arneson's new counsel did some very effective saber-rattling by serving Pacific notice that Arneson was reserving the right to present claims beyond just unpaid commissions at the scheduled hearing on the appeal, such as violations of various Labor Code sections and even fraud and negligent misrepresentation.[2] Pacific concluded that fighting potential new claims was not the better part of valor and, in late February, withdrew its appeal with prejudice. Pacific then paid the Labor Commission award, plus accrued interest.

Which brings us to what this case is really about: Arneson's counsel's claim for attorney fees. In early March 2014, Arneson's counsel filed a motion for attorney fees and costs.[3] The trial court denied *all* fees to Arneson on the theory that there must be a *court award* under Labor Code section 98.2[4] before a party can collect its

---

[1] Pacific Mortgage is the dba of Royal Pacific Funding Corporation. While there are related Pacific entities named in this case, the nature of this appeal does not require us to untangle the precise relationship between them. We will refer to all these entities collectively as Pacific.

[2] The threats were arguably in retaliation for a letter sent by Pacific's lawyers directly to Arneson on January 8 (two days prior to her counsel being substituted in) asserting that if Pacific prevailed, Arneson would owe Pacific for its attorney fees and costs incurred in the appeal.

[3] The request was for $95,000, based on 66 hours of total work on the case mid-December through the end of February, at an hourly rate $595, which equals $39,270. That figure was then multiplied by 2.25 by counsel, who asserted (1) they had incurred some risk in taking the case, (2) Arneson had obtained a complete victory, and (3) people like Arneson should be encouraged to "pursue meritorious cases like this one."

[4] All undesignated statutory references are to the Labor Code. All undesignated subdivision references are to section 98.2 of the Labor Code.

2

fees. And since Pacific had nixed the possibility of any *court award* by withdrawing its appeal, no fees could be awarded.

The trial judge based her decision on portions of *Arias v. Kardoulias* (2012) 207 Cal.App.4th 1429. *Arias* was a case in which an employee*,* apparently thinking her award of some $6,300 from the commission was insufficient, appealed her award, but the employer pointed out the appeal wasn't timely, and so got it dismissed. (*Id*. at pp. 1433-1434.) Then the *employer* sought fees under section 98.2, subdivision (c). The employer was successful at the trial level, but the award was reversed on appeal. The *Arias* court held that it was not enough that the employer had obtained a procedural dismissal of the appeal, because such a procedural dismissal could not be equated with a superior court determination of the merits. (See *Arias, supra*, 207 Cal.App.4th at p. 1438.) The court noted that the employee was being hit with the employer's fees as if she had "no right to

---

Here is the complete text of subdivisions (b) through (e) of section 98.2. We explain the significance of the italicized words anon.

"(b) As a condition to filing an appeal pursuant to this section, *an employer* shall first post an undertaking with the reviewing court in the amount of the order, decision, or award. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award. The employer shall provide written notification to the other parties and the Labor Commissioner of the posting of the undertaking. The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed pursuant to the judgment, *and if the appeal is withdrawn* or dismissed without entry of judgment, *the employer shall pay the amount owed pursuant to the order, decision, or award of the Labor Commissioner* unless the parties have executed a settlement agreement for payment of some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement. If the employer fails to pay the amount owed within 10 days of entry of the judgment, dismissal, or withdrawal of the appeal, or the execution of a settlement agreement, a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, is forfeited to the employee.

"(c) If *the party* seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. *An employee is successful if the court awards an amount greater than zero*.

"(d) If no notice of appeal of the order, decision, or award is filed within the period set forth in subdivision (a), *the order*, decision, or award *shall*, in the absence of fraud, *be deemed the final order*.

"(e) *The Labor Commissioner shall file, within 10 days of the order becoming final pursuant to subdivision (d), a certified copy of the final order with the clerk of the superior court of the appropriate county* unless a settlement has been reached by the parties and approved by the Labor Commissioner. *Judgment shall be entered immediately by the court clerk in conformity therewith*. The judgment so entered has the same force and effect as, and is subject to all of the provisions of law relating to, a judgment in a civil action, and may be enforced in the same manner as any other judgment of the court in which it is entered. Enforcement of the judgment shall receive court priority." (Italics added.)

3

recover" her $6,300 in unpaid wages in the first place, which of course was error. (*Ibid.*) The procedural dismissal "only precluded" her obtaining a *better* result, because the employer still remained liable for the $6,300. (*Ibid.*)

After reading *Arias*, the trial judge stated she thought the same logic should apply to employer appellants as applied to employee appellants: If there was no court award on the *merits*, fees could not be awarded. We disagree.

The error stems from a misconstruction of this sentence, added to subdivision (c) in 2003: "An employee is successful if the court awards an amount greater than zero." The sentence was added to section 98.2 in 2003. Before that, it only read: "If the party seeking review by filing an appeal to the municipal or superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal." (See *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 357, fn. 6 (*Rae-Venter*).) Construing section 98.2 without the "employee-is-successful" sentence, the *Rae-Venter* court held that an *employee* could indeed be liable for an *employer's* fees incurred in prosecuting a section 98.2 appeal *if* the employee did not win in the trial court a judgment "more favorable" than the "administrative award from which the appeal was taken." (*Id*. at p. 370.) In doing so, the *Rae-Venter* court invoked the same goose-gander need for symmetry in section 98.2 that the trial court here did.[5]

But the Legislature rejected the *Rae-Venter* court's quest for symmetry in section 98.2 the very next year. The Legislature added the "employee-is-successful" sentence to subdivision (c) to make clear that an *employee* was still successful in the

---

[5]     Two examples:
"In sum, the purpose and intent behind section 98.2(c) is to discourage frivolous and unmeritorious appeals from the commissioner's awards, regardless of whether they are taken by employers or employees." (*Rae-Venter, supra*, 29 Cal.4th at p. 361.)
"As with the judicial arbitration and statutory settlement fee-shifting statutes, section 98.2(c) is designed to penalize appealing employers *and* employees who turn to the courts after rejecting what, in retrospect, was a reasonable commissioner's award." (*Rae-Venter, supra*, 29 Cal.4th at p. 369.)

appeal even if the employee ended up with a reduced award – as long as it wasn't zero. (See *Arias, supra*, 207 Cal.App.4th at pp. 1435-1436 [giving history of legislative overturn of *Rae-Venter*].)[6]

In adding the "employee-is-successful" sentence in 2003, the Legislature certainly never intended to give *employers* a chance to whipsaw employees by filing section 98.2 appeals and then withdrawing them. Such a reading of the statute turns the basic purpose of the 2003 amendment on its head. It incentivizes *employers* to file frivolous appeals and then withdraw them at the last minute so as to inflict gratuitous legal costs on an employee who has been otherwise successful at the Labor Commission level.[7]

The reading of section 98.2 which would preclude fees to a substantively successful responding employee – successful because the employer threw in the towel just before the fight – not only fails the test of legislative intent, it fails textually as well.

Textually, Pacific's logic rests entirely on the word "court" in the sentence added in 2003. Pacific reads the sentence to say: "An employee is *only* successful if a trial court makes a determination on the merits of the appeal *and* the trial court also awards the employee an amount greater than zero." On its face, however, the 2003 amendment only says: "Here is *one* way the employee can be successful." To make it exclusive requires insertion of a word ("only" or some synonym) the Legislature did not write.

In fact, our non-exclusive reading of the statute finds support in the surrounding text of section 98.2. We have quoted subdivision (c) and the relevant surrounding text, namely subdivisions (b), (d) and (e) in footnote 4 above. The italicized

---

6       Arneson's unopposed request, filed with her opening brief, to take judicial notice of the legislative history of section 98.2 and the policies and procedures of the Department of Industrial Relations, Division of Labor Standards, is granted.

7       We do not suggest that happened here. We intend only to show the construction argued for by Royal Pacific is flawed.

words in the quotation demonstrate two major points about the scheme as a whole: (1) If an employer's appeal is withdrawn, the employee has already been successful in terms of the appeal because the employee gets to collect the compensation award almost immediately. (2) Alternatively, if the employer never appeals in the first place, the employee is successful because he or she still obtains an enforceable *court* judgment against the employer. To say, then, that an employee is not "successful" under subdivision (c) when an employer withdraws its section 98.2 appeal is nonsense. The employee gets to keep the money he or she won at the administrative level as if the employee had completely prevailed in a court trial.

The order denying fees is reversed, and the matter remanded for the trial court to ascertain the reasonable fees incurred by Arneson to defend employer Pacific's aborted appeal. Arneson will recover her costs in this appeal as well.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.


6

Filed 8/24/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROYAL PACIFIC FUNDING CORPORATION etc., et al.,<br><br>    Plaintiffs and Respondents,<br><br>        v.<br><br>LINDA ARNESON,<br><br>    Defendant and Appellant. | G050158<br><br>(Super. Ct. No. 30-2013-00685363)<br><br>ORDER GRANTING REQUEST FOR PUBLICATION |

Appellant has requested that our opinion in this matter, filed July 28, 2015, be certified for publication. After reviewing the request, we have concluded the case indeed meets the requirements for publication. Pursuant to California Rules of Court, rule 8.1105(b), (c)(2), (4) and (6), the request is GRANTED.

The opinion is ordered published in the Official Reports.

                                        BEDSWORTH, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

ARONSON, J.

7