Filed 1/18/22  Caruso v. Gordon Tullett Logistics CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| PHILIP CARUSO, | C089375 |
| Plaintiff and Appellant, | (Super. Ct. No. CVCV-18-0545) |
| v. | |
| GORDON TULLETT LOGISTICS, LLC, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on December 17, 2021, be modified as follows:

On page three, Discussion part I, first full paragraph, remove the last two sentences, and replace them with the following sentences:  "The reporter's transcript includes only the trial court's statement that it would grant the motion for reasons set forth in GTL's motion in limine.  GTL argued in its motion in limine that review of the wage order was de novo under section 98.2 and therefore evidence regarding the Labor Commissioner's proceedings and order in favor of Caruso were irrelevant, prejudicial, and would result in undue consumption of time.  Caruso contends the exclusion of Wage Order No. 9-2001 made it impossible to present his case and establish the validity of his wage claim."  The modified paragraph will now read:

Caruso contends the trial court erred in granting GTL's motion in limine to exclude Wage Order No. 9-2001.  The reporter's transcript includes only the trial court's

1

statement that it would grant the motion for reasons set forth in GTL's motion in limine. GTL argued in its motion in limine that review of the wage order was de novo under section 98.2 and therefore evidence regarding the Labor Commissioner's proceedings and order in favor of Caruso were irrelevant, prejudicial, and would result in undue consumption of time. Caruso contends the exclusion of Wage Order No. 9-2001 made it impossible to present his case and establish the validity of his wage claim.

On page three, Discussion part I, remove the third full paragraph beginning with "We agree with GTL" and replace it with the following paragraphs including the insertion of new footnote 2 and the renumbering of subsequent footnotes:

We disagree that it was impossible for Caruso to present his case in the trial de novo. Under section 98.2, Caruso was entitled to present all the evidence that led the Labor Commissioner to issue an order in his favor, as well as "entirely new evidence . . . ." (*Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1381.) On the other hand, the "findings of the Labor Commissioner [were] entitled to no weight whatsoever . . . ." (*Sales Dimensions v. Superior Court* (1979) 90 Cal.App.3d 757, 763.) Under section 98.2, "[r]eview is accorded not to the decision of the commissioner, but to the underlying facts on which depends the merits of the dispute." (*Ibid.*; see *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 725.) Under these standards, no purpose could be served by introduction of Wage Order No. 9-2001 but to convey the Labor Commissioner's findings and decision to the trier of fact, which were of no consequence in the trial de novo. The trial court did not abuse its discretion in excluding evidence regarding Wage Order No. 9-2001.

"Moreover, even where evidence is improperly excluded, the error is not reversible unless ' "it is reasonably probable a result more favorable to the appellant would have been reached absent the error. [Citations.]" [Citation.]' [Citations.]" (*Tudor Ranches, Inc. v. State Compensation Insurance Fund* (1998) 65 Cal.App.4th 1422, 1431-1432; see *Agam v. Gavra* (2015) 236 Cal.App.4th 91, 110, fn. 6.) Caruso's

2

trial brief argued that "Section 2(E) of the Order defines 'employ' as to 'engage, suffer or permit to work.' Section 2(G) of the Order defines 'employer' as 'any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." But introduction of the definitions of "employ" and "employer" in Wage Order 9-2001 would not have altered the outcome of the trial. The parties agreed that the test for whether Caruso was an employee or an independent contractor was set forth in *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations* (1989) 48 Cal.3d 341 (*Borello*), which identified multiple factors to be considered.[1] Caruso devoted the lion's share of his trial brief to argument that applying those factors weighed in his favor and created a presumption of employment that GTL could not overcome.

At trial, the trial court instructed the jury with CACI 3704, which sets forth the factors of the *Borello* test in cases where the existence of employee status is disputed. Caruso objected to GTL's proposed version of CACI 3704, which required him to prove that he was GTL's employee. The trial court instructed the jury with Caruso's version placing the burden on GTL to prove that Caruso was not its employee. Under established appellate standards, we are required to presume the jury followed the trial court's instructions in the absence of contrary evidence. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 803-804.) In closing argument, Caruso's counsel referenced

---

[1] *Borello* described a six-factor test: "Besides the 'right to control the work,' the factors include (1) the alleged employee's opportunity for profit or loss depending on his managerial skill; (2) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (3) whether the service rendered requires a special skill; (4) the degree of permanence of the working relationship; and (5) whether the service rendered is an integral part of the alleged employer's business." (*Borello, supra*, 48 Cal.3d at pp. 354-355.) The court also referred to additional factors derived from the Restatement Second of Agency. (*Id.* at p. 351.) The court concluded that "all are logically pertinent to the inherently difficult determination" whether an individual is an employee or independent contractor. (*Id.* at p. 355.)

3

CACI 3704 and argued "the first and most significant thing is that the defendant, the company, has to prove that Mr. Caruso was not his employee," and then argued each factor at length. GTL's counsel argued the factors favored GTL's position.

Instructed by the trial court and told by counsel for the parties in closing to consider the *Borello* factors in determining whether Caruso was GTL's employee, the jury found he was not. On this record, even if Wage Order No. 2001-9 had been admitted as an exhibit, it would not have changed the jury's verdict.

This modification does not change the judgment.

The petition for rehearing is denied.

FOR THE COURT:


_____/S/_____
HULL, Acting P. J.



_____/S/_____
MAURO, J.



_____/S/_____
MURRAY, J.

Filed 12/17/21  Caruso v. Gordon Tullett Logistics CA3  (unmodified opinion)

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| PHILIP CARUSO, | |
| Plaintiff and Appellant, | C089375 |
| v. | (Super. Ct. No. CVCV-18-0545) |
| GORDON TULLETT LOGISTICS, LLC, | |
| Defendant and Appellant. | |

Truck driver Philip Caruso filed a claim with the Labor Commissioner's office against trucking company Gordon Tullett Logistics, LLC (GTL) for unpaid wages and other amounts.  A hearing officer awarded Caruso $84,441.68, but in an appeal to the Yolo County Superior Court, a jury found that Caruso did not perform work for GTL and was not an employee of GTL.  Nevertheless, the trial court denied GTL's request for attorney's fees and costs.

Caruso now contends the trial court erred in granting GTL's motions in limine precluding reference at trial to a transportation industry wage order and the hearing

1

officer's award.  GTL cross-appeals, challenging the trial court's denial of its motion for attorney's fees and costs.  We will affirm the judgment and order.

BACKGROUND

We limit our recitation of the background to the circumstances relevant to the contentions on appeal.  (See *Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 321; *San Pasqual Band of Mission Indians v. State of California* (2015) 241 Cal.App.4th 746, 750.)

Caruso filed a claim against GTL with the Labor Commissioner's office for unpaid wages and pay, reimbursement of unauthorized deductions, unreimbursed business expenses, and a penalty under Labor Code section 203.[2]  The hearing officer designated by the Labor Commissioner awarded Caruso $84,441.68.  GTL appealed to the Yolo County Superior Court under section 98.2, subdivision (a), which allows for a trial de novo in the superior court.  (*Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 948.)  The Labor Commissioner appointed an employee, David Cross, to represent Caruso in the appeal.

A jury trial was scheduled and the trial court granted GTL's motion in limine to preclude Caruso from referring to the hearing officer's order and Industrial Welfare Commission Order No. 9-2001 Regulating Wages, Hours and Working Conditions in the Transportation Industry (Wage Order No. 9-2001).  After three days of witness testimony, jury instructions and closing argument, the jury found that Caruso did not perform work for GTL and was not an employee of GTL.

---

[2]  Labor Code section 203, subdivision (a) provides in relevant part that if an employer willfully fails to pay in accordance with enumerated sections of the Labor Code "any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Undesignated statutory references are to the Labor Code.

2

GTL moved in the trial court for $121,566.38 in attorney's fees and $8,631.45 in costs under section 218.5 and Code of Civil Procedure section 128.5. The trial court denied the motion, concluding that section 218.5 and Code of Civil Procedure section 128.5 were not applicable.

Caruso filed a notice of appeal from the judgment and GTL filed a notice of appeal from the order denying its motion for attorney's fees and costs.

DISCUSSION

I

Caruso contends the trial court erred in granting GTL's motion in limine to exclude Wage Order No. 9-2001. The reporter's transcript includes only the trial court's statement that it would grant the motion "for reasons set forth in defendant's motion in limine" without indicating what those reasons were. Caruso did not include GTL's motion, or any opposition Caruso may have filed, in the record on appeal.

We review the trial court's grant or denial of a motion in limine for abuse of discretion. (*Piedra v. Dugan* (2004) 123 Cal.App.4th 1483, 1493.) " 'A trial court's exercise of discretion in admitting or excluding evidence . . . will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice . . . .' [Citation.]" (*San Lorenzo Valley Community Advocates for Responsible Education v. San Lorenzo Valley Unified School Dist.* (2006) 139 Cal.App.4th 1356, 1419.)

We agree with GTL that Caruso forfeited this issue on appeal. (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) " 'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error. [Citations.] By failing to provide an adequate record,

3

appellant cannot meet his burden to show error and we must resolve any challenge to the order against him. [Citation.]" (*Ibid*.)  Without the motion, any opposition, or oral argument on the record, "we cannot review the basis of the court's decision." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

## II

Caruso next contends the trial court did not correctly interpret the de novo standard in Labor Code section 98.2 and erred in preventing him from referencing the hearing officer's order.

Although denoted an "appeal," unlike a conventional appeal in a civil action, an appeal under section 98.2 is de novo and allows for a new trial.  (*Post, supra*, 23 Cal.4th at pp. 947-948.)  The decision of the hearing officer is not entitled to any weight.  (*Id.* at 948.)  The trial court judgment is subject to a conventional appeal to an appropriate appellate court, where review is of the facts presented to the trial court, which may include entirely new evidence.  (*Ibid.*)

"Unlike an appeal in a civil action, the appeal of the commissioner's decision to the superior court under section 98.2, subdivision (a) nullifies the [commissioner's] decision, and the superior court conducts a new trial of the wage dispute.  [Citation.] 'The trial court "hears the matter, not as an appellate court, but as a court of original jurisdiction, with full power to hear and determine [the wage claim] as if it had never been before the labor commissioner." ' [Citation.]" (*Arias v. Kardoulias* (2012) 207 Cal.App.4th 1429, 1435.)

Moreover, a California employment law treatise advises that "[e]vidence of matters that are legally irrelevant should be challenged by motion in limine if their mention during trial may create a negative impression of the employer," including evidence "that the California Labor Commissioner awarded the plaintiff unpaid wages in

4

an underlying administrative action."  (Chin et al., Cal. Practice Guide: Employment Litigation (The Rutter Group 2020) ¶¶ 19:916, 19:918, citing *Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587, 590-591.)

We conclude the trial court did not misinterpret the de novo standard or abuse its discretion in granting the motion in limine to exclude evidence of the hearing officer's order, which was legally irrelevant at the new trial under section 98.2.

We do not read the trial court's in limine ruling as precluding Caruso from referencing, as he contends, "labor laws and Mr. Caruso's evidence presented at the Labor Commissioner level."  Caruso was free to present any admissible evidence at trial that he introduced in the Labor Commissioner proceedings, as well as new evidence that he did not present in the underlying proceeding.  But it was the province of the trial court to instruct the jury on applicable law, including labor law, and the trial court did so on the central issue of Caruso's status as an employee or independent contractor.  (See, e.g., *Summers v. A.L. Gilbert Co.* (1999) 69 Cal.App.4th 1155, 1185 [opinions of a lawyer testifying as an expert on issues of law "were inadmissible because they usurped the responsibility of the court to instruct the jury on the applicable law"].)

### III

GTL contends the trial court erred in denying its motion for attorney's fees under section 218.5.  We disagree.

Section 218.5, subdivision (a) provides in relevant part:  "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.  However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith."

5

"In general, a prevailing party may recover attorney's fees only when a statute or an agreement of the parties provides for fee-shifting. [Citation.] Labor Code section 218.5 requires the awarding of attorney's fees to the prevailing party '[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions.' This provision awards fees to the prevailing party whether it is the employee or the employer; it is a two-way fee-shifting provision." (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1248.)

"Although section 218.5[, subdivision] (a) is a two-way fee-shifting statute [citation], it has the potential to become a one-way or unilateral fee-shifting provision if . . . the trial court finds a plaintiff did not bring the wage claim in bad faith. Courts have uniformly recognized that such unilateral fee-shifting statutes 'reflect a considered legislative judgment that prevailing defendants should not receive fees.' [Citation.]" (*Dane Elec Corp., USA v. Bodokh* (2019) 35 Cal.App.5th 761, 773 (*Dane Elec*).)

"The sentence in section 218.5[, subdivision] (a) permitting a prevailing nonemployee to recover attorney fees only if the trial court finds the wage claim was brought in bad faith was added by Senate Bill No. 462 (2013-2014 Reg. Sess.). (Stats. 2013, ch. 142, § 1; see Historical and Statutory Notes, 44 West's Ann. Lab. Code (2019 supp.) foll. § 218.5, p. 204.)" (*Dane Elec, supra*, 35 Cal.App.5th at p. 773.) "The analysis by the Assembly Committee on the Judiciary sets forth the following policy for the legislation: 'This bill would clarify the existing two-way fee[-]shifting provision of section 218.5 by expressly providing that where the prevailing party is a non-employee (*e.g.*, the employer), fees are to be awarded upon a judicial finding that the employee brought the action in bad faith. The reason for a higher standard of course is that wage laws reflect a fundamental policy of the state, the vindication of which is largely left to employees. The premise of this bill is that the great expense and unpredictability of exposure to attorney's fees liability is likely to chill the pursuit of potentially valid claims by employees of limited means, contrary to the important policy

6

objectives of the statutory scheme.' (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 462 (2013-2014 Reg. Sess.) July 1, 2013, p. 3.)" (*Dane Elec,* at pp. 773-774.)

Thus, under section 218.5, a nonemployee is entitled to recover its attorney's fees and costs only where the nonemployee is the prevailing party in a court action brought by an employee in bad faith. Such a situation might arise, for example, where a nonemployee defendant prevailed before the Labor Commissioner and the employee sought a trial de novo reiterating frivolous claims that were unsuccessful in the underlying action. But here, the trial court denied the request for attorney's fees by stating: "While it could be argued the plaintiff's case may not have been the strongest, that does not mean it was brought for an improper motive. This is particularly true where, as here, [Caruso] prevailed in the underlying administrative matter."

GTL contends that, even though the company is a nonemployee, no showing of bad faith was required because the jury found that Caruso was not an employee, therefore the second sentence of section 218.5, subdivision (a), does not apply. We conclude, however, that GTL's proposed interpretation would frustrate the intent of the Legislature. The purpose of the 2013 amendment to the statute was to remove an obstacle to the pursuit of wage claims by limiting the circumstances under which a prevailing nonemployee would recover attorney's fees and costs. (*Dane Elec, supra*, 35 Cal.App.5th at pp. 773-774.) The jury's ultimate determination that Caruso was not a GTL employee did not render inapplicable the requirement that GTL show Caruso brought the action in bad faith.

Finally, GTL asserts that "[e]ven if it is assumed, arguendo, that GTL is required to establish bad faith on the part of Caruso in connection with his claim (notwithstanding the absence of an employer-employee relationship), the record supports such a finding as against Caruso and his counsel with the Division of Labor." GTL has not shown bad faith.

7

We review the court's decision that Caruso and the Labor Commissioner did not act in bad faith for abuse of discretion. (*Cruz, supra*, 57 Cal.App.5th at p. 243.) "However, to the extent that a trial court's ruling is based on factual determinations, we review the record for substantial evidence. [Citation.]" (*Ibid.*)

GTL highlights as evidence a response to a request for admission GTL propounded to Caruso after GTL appealed the hearing officer's order. GTL characterizes Caruso's admission as follows: "Caruso's understanding in entering into the contractor agreement was that he was a self-employed owner-operator (independent contractor) . . . ." (Italics, bold omitted.) The request, however, asked Caruso to "Admit that YOUR understanding in entering into the CONTRACTOR AGREEMENT was that YOU were performing work as a self-employed independent owner/operator." Caruso's response was "Admit; however, now I know that is not correct."

Caruso thus indicated that his thinking on this issue had changed. This is unsurprising given, for example, the complexity of the test for independent contractor status under *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations* (1989) 48 Cal.3d 341, 351, which was utilized in this case by the parties, the Labor Commissioner, and the trial court in instructing the jury.

In fact, the California Supreme Court in *Dynamex Operations W. v. Superior Court* (2018) 4 Cal.5th 903 (*Dynamex*), recently adopted a simpler "ABC" test. (*Id.* at pp. 916-917.)[3] In *People v. Uber Technologies, Inc.* (2020) 56 Cal.App.5th 266, the

---

[3] "Under this test, a worker is properly considered an independent contractor to whom a wage order does not apply only if the hiring entity establishes: (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity." (*Dynamex, supra*, 4 Cal.5th at pp. 916-917.)

8

court commented that "[c]ompared to the six-factor, fact-bound *Borello* test for independent contractor status -- which can be very difficult for plaintiffs to meet at an early stage of litigation, short of a full-blown trial -- the *Dynamex* court 'create[d] a simpler, clearer test for determining whether the worker is an employee or an independent contractor,' one that presumes a worker hired by an entity is an employee and places the burden on the hirer to establish that the worker is an independent contractor." (*Id.* at pp. 301-302, quoting *Dynamex, supra*, 4 Cal.5th at p. 951, fn. 20.) Under the circumstances, Caruso's changed position on the employee-versus-independent-contractor issue hardly evinces bad faith.[4]

The remainder of GTL's evidence of bad faith is (1) Caruso's claim unsupported by evidence that he earned $50.48 an hour and had worked 2080 hours for GTL, and (2) that "[i]n what was almost certainly an effort to further slant the Labor Commissioner's proceedings in his favor, Plaintiff then falsely reported an insurance claim against Defendant with the CHP." These items, even if accepted as described by GTL, are not sufficient to support a determination that the trial court abused its discretion in determining that Caruso did not act in bad faith. (*Cruz, supra*, 57 Cal.App.5th at p. 233 [" 'The standard "asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts." [Citation.]' [Citation.] ' " 'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice[,] a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' " ' [Citation.]"].)

---

[4] We express no opinion on whether the trial court should have instructed the jury based on the ABC test or whether a jury so instructed would have rendered a different verdict. (See *Garcia, supra*, 28 Cal.App.5th at p. 572.)

We conclude the trial court did not abuse its discretion in denying GTL's motion for attorney's fees and costs under section 218.5.

DISPOSITION

The judgment on a jury verdict and the order denying GTL attorney's fees and costs are affirmed. The parties shall bear their own costs on appeal.

                                                /S/
                                            MAURO, J.

We concur:

/S/
HULL, Acting P. J.

/S/
MURRAY, J.