Filed 4/18/22  Gantman v. Stephan, Schreiber & Tabachnick CPA's CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ANDREW GANTMAN, | B291932 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS168144) |
| v. | |
| STEPHAN, SCHREIBER & TABACHNICK CPA'S, INC., | |
| Defendant and Respondent. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Affirmed.

Andrew Gantman, in pro. per., for Plaintiff and Appellant.

DeSimone & Huxster and Gerald DeSimone for Defendant and Respondent.

_____

Labor Code section 98.2, subdivision (a),[1] authorizes parties to a Labor Commission wage proceeding to file an appeal to the superior court where the matter is heard de novo.  Section 98.2, subdivision (c), provides, if the party seeking review by filing the appeal is unsuccessful, the court is to award costs and reasonable attorney fees to the other parties to the appeal.  Subdivision (c) specifies, "An employee is successful if the court awards an amount greater than zero."

Andrew Gantman filed a claim against his former employer, Stephan, Schreiber & Tabachnick CPA's, Inc. (SST), with the Labor Commissioner for unpaid wages and violations of the Labor Code, including section 221, prohibiting an employer from collecting sums owed to it from an employee's wages, and section 2802, requiring an employer to indemnify its employee for necessary expenditures.  Unsuccessful before the Labor Commissioner, Gantman appealed to the superior court, where the trial court found SST did not owe him any money and had not violated any related provision of the Labor Code.  We affirmed the judgment in favor of SST earlier this year.  (*Gantman v. Stephan, Schreiber & Tabachnick CPA's, Inc.* (Jan. 19, 2022, B290271) [nonpub. opn.] (*Gantman I*).)

Gantman, representing himself, now appeals the trial court's award of $34,505 in attorney fees to SST pursuant to section 98.2, subdivision (c), arguing, because the trial court erred in awarding him nothing, attorney fees are not properly awarded to SST.  We affirm.

---

[1]     Statutory references are to the Labor Code unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

As discussed in *Gantman I,* Gantman, a certified public accountant with a solo tax practice, and Peter Stephan, one of the principals of SST, agreed in late 2014 to develop a business relationship that could culminate in Gantman becoming one of the owners of SST. The relationship ended in March 2015. Gantman and SST disputed the nature and extent of their agreement to compensate Gantman for work he had performed for SST's clients and Gantman's obligation, if any, to contribute to SST's overhead during the several months Gantman worked from SST's offices.

Unable to resolve his dispute with SST over what he asserted were unpaid wages and unreimbursed expenses, in April 2015 Gantman, represented by counsel, filed a wage claim with the Labor Commissioner. Following a hearing in February 2016 (commonly referred to as a "Berman hearing"), the hearing officer rejected SST's argument Gantman was not an employee, but awarded nothing because (among other reasons) evidence of reimbursable expenses had not been submitted and there was no independent evidence of an agreement to pay Gantman $200 per hour for his SST client work.

Pursuant to section 98.2, subdivision (a), Gantman appealed the adverse award to the superior court where, according to the statute, "the appeal shall be heard de novo." (See *Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 947-948 ["Although denoted an 'appeal,' unlike a conventional appeal in a civil action, hearing under the Labor Code is de novo. [Citation.] '"A hearing *de novo* [under Labor Code section 98.2] literally means a new hearing," that is, a new trial.' [Citation.] The decision of the commissioner is 'entitled to no weight

3

whatsoever, and the proceedings are truly "a trial anew in the fullest sense""].) Gantman's claim for unpaid wages was tried before the court on December 13 and 14, 2017. Both sides were represented by counsel during trial.

After posttrial briefing the court on March 21, 2018 issued its ruling in favor of SST. The court found Gantman was an employee of SST, the parties had agreed Gantman would be paid for work he performed on behalf of SST's clients, but there was no agreement on the amount Gantman would be paid for that work.

With respect to Gantman's compensation the court found the hourly rate by which Gantman's pay would be calculated "was an ongoing subject of discussion (written and oral)" between Gantman and Stephan. Therefore, the court concluded, Gantman was entitled to be paid only at the applicable minimum wage at the time ($9 per hour). According to the evidence at trial, Gantman was paid $25,753.25 for his work for SST's clients, a sum that exceeded by a significant amount the minimum wage for the claimed hours. Thus, "[Gantman] has not proven tha[t] he was paid less than the amount to which he was entitled and he is to take nothing in this lawsuit."

Following the trial court's decision in its favor, on April 5, 2018 SST moved for an award of attorney fees pursuant to section 98.2, subdivision (c).[2] On July 27, 2018, after briefing and argument, the court granted the motion, awarding SST $34,505

_____

[2] Gantman elected to proceed in this appeal by way of appendix. However, his appellant's appendix does not include SST's motion for attorney fees, Gantman's opposition, SST's reply in support of the motion or the court's order granting the motion. His civil case information statement, however, included the order being appealed.

4

in fees. An order granting SST's motion for attorney fees was filed on August 1, 2018. Notice of entry of the order was filed on August 8, 2018. Gantman filed a notice of appeal on August 9, 2018, indicating on the subsequently filed case information statement the attorney fees order was appealable as an order after judgment under Code of Civil Procedure section 904.1, subdivision (a)(2).[3]

## DISCUSSION

We review the legal basis for an award of attorney fees de novo and the amount of fees awarded for abuse of discretion. (See *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751 ["'it is a discretionary trial court decision on the propriety or amount of statutory attorney fees to be awarded, but a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo'"]; *San Francisco CDC LLC v. Webcor Construction L.P.* (2021)

---

[3]     Although no judgment had been entered following the court's March 21, 2018 ruling, Gantman, representing himself, filed a notice of appeal on May 21, 2018. At the direction of this court, the parties obtained a judgment on December 2, 2021. For purposes of *Gantman I*, we deemed the May 21, 2018 notice of appeal to have been filed immediately after entry of judgment. (Cal. Rules of Court, rule 8.104(d)(1).) That judgment, however, only referred to the March 21, 2018 trial court ruling and did not include the August 1, 2018 award of attorney fees to SST. The court entered a second judgment on December 10, 2021, prepared by counsel for SST, that confirmed its award of $34,505 to SST. We treat Gantman's August 9, 2018 notice of appeal as a timely and proper appeal from a postjudgment order.

62 Cal.App.5th 266, 285 [same]; *Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 406 [same].)

Gantman does not contend the trial court committed legal error by misconstruing section 98.2, subdivision (c), or the scope of its authority to award attorney fees following an unsuccessful appeal (trial de novo) from the Labor Commissioner. Gantman also acknowledges this court in *Gantman I* rejected each of his challenges to the trial court's decision on his wage claims.[4] Nonetheless, contending the trial court did not properly award him nothing (notwithstanding our decision that it did), Gantman repeats many of the arguments he presented in the *Gantman I* appeal, urges us to correct our prior analysis and to hold, on that basis, SST was not entitled to attorney fees under section 98.2, subdivision (c). Our jurisdiction to reconsider Gantman's appeal from the decision denying his wage claims has long since expired. (See Cal. Rules of Court, rule 8.264(b)(1) [with exceptions not pertinent here, a decision in a civil appeal is final in our court 30 days after filing].)

Because Gantman recovered nothing on his appeal pursuant to section 98.2, subdivision (a), from the Labor Commissioner's adverse decision, SST was entitled to an award of its attorney fees under section 98.2, subdivision (c). Gantman does not contend the trial court abused its discretion in determining the reasonable amount of fees incurred by SST. Accordingly, the fee award is affirmed.

---

[4]    We also denied Gantman's petition for rehearing following our decision in *Gantman I*.

6

## DISPOSITION

The postjudgment order awarding attorney fees is affirmed. SST is to recover its costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

7